THE UNITED STATES, PLAINTIFFS, *v.* JAMES AND JOHN G. DANIEL, EXECUTORS OF BEVERLY DANIEL, LATE U. S. MARSHAL.

An action on the case will not lie against the executors of a deceased marshal, where executions had been placed in the hands of the marshal, and false returns made on some of them, and imperfect and insufficient entries on others.

The rule respecting abatement is this:—If the person charged has received no benefit to himself at the expense of the sufferer, the cause of action does not survive. But where, by means of the offence, property is acquired which benefits the testator, there an action for the value of the property survives against the executor.

As to the form of action, none will lie, at common law, against an executor, where the general issue plea is " not guilty."

THIS case came up from the Circuit Court of the United States for the District of North Carolina, on a certificate of division in opinion between the judges thereof.

In August, 1841, the United States brought an action of trespass on the case against the defendants, as executors of Beverly Daniel, late marshal, and at May term, 1843, a verdict was found for the plaintiffs, subject to the opinion of the court upon the following case stated.

Beverly Daniel being in his lifetime marshal of the District of North Carolina, certain executions, at the instance of the United States, from the District Court of Newbern, came to the hands of one of the deputies of the said marshal, who, in the name and on behalf of his principal, made false returns upon some of them, and imperfect and insufficient entries on others. After the death of Daniel, this action on the case was brought against the defendants, his executors, to recover damages for the said false and insufficient returns; and it is contended, on the part of the defendants, that the action will not lie, and is not sustainable against them as executors, and it is agreed by the parties that judgment shall be rendered for the plaintiffs upon the said verdict, if the court shall be of opinion that such action is sustainable; otherwise, the said verdict to be set aside, and the said action to be discontinued.

The judges being divided in opinion, the cause came up to this court, upon a certificate of such division.

The cause was argued by *Mr. Clifford* (Attorney-General), on the part of the United States, and submitted on the record by *Mr. Badger*, on the part of the defendants.

*Mr. Clifford* made two points:—

1st. That *the cause* of action survives against the executors.

2d. That an action on *the case* is an appropriate remedy under the laws of North Carolina, which furnish the rule of decision on this point.

1st. The rule respecting abatement' is now nearly confined to that laid down by Buller, viz. that where property is concerned; the action does not abate by the death of the party. Cowper, 371.

The distinction between the cause and the form of action must be borne in mind. The difficulty in this case must have arisen with regard to the form. The record is very imperfect, and does not show whether the rights of property were involved or not. But they were so in fact, and I will assume it to be so. The testator was certainly liable in his lifetime, and I only contend that the cause of action survives where the estate of the testator has been benefited and is therefore responsible. It must have been understood in this case that the deputy-marshal had made the money. The bond of the marshal covers the acts of his deputies under the Judiciary Act, and therefore the law presumes the money to be in the hands of the principal. It makes no difference whether the estate of the marshal has been benefited in point of fact or in presumption of law. It is equally responsible in both. He has his remedy against the deputy, and the law presumes that he will right himself. I assume; in this case, that the money had been made. An action for "money had and received" has been sustained. 3 Campbell, 347.

But an action for an escape does not survive, because the estate has not been benefited. To support these principles, 13 Mass. 454; 9 Wendell, 29; 1 Pick. 71; 4 Halsted, 173; Com. Dig. tit. *Administrator*, B. 15.

The laws of North Carolina furnish the rule of decision whether case will lie (2 How. 29), and these laws sustain the action. 1 Rev. Stat. N. C. 57. This reënacts the law of of 1799. It may be said that the provision in this, which says suits shall not abate, was intended only to apply to suits then brought. But there is no good reason for the exclusion of future suits. 3 Hawks; 563; N. C. Repository, 529, 205, 226; 2 Haywood, 182; 1 Rev. Stat. N. C. page 443, sec. 1, 2, 3.

Mr. Justice McLEAN delivered the opinion of the court.

This case is brought here from the District of North Carolina, on a certificate of a division of opinion by the judges, under the act of Congress.

A jury, having been impanelled to try the issues joined,

found for the plaintiffs, and assessed their damages at seven hundred seventy-five dollars and eighty cents. This verdict was taken by consent of parties, subject to the opinion of the court on the following case.  .

"Beverly Daniel, being in his lifetime marshal of the District of North Carolina, certain executions, at the instance of the United States, from the District Court of Newbern, came to the hands of one of the deputies of the said marshal, who, in the name and on behalf of his principal, made false returns upon some of them, and imperfect and insufficient entries on others. After the death of Daniel, this action on the case was brought against the defendants, his executors, to recover damages for the said false and insufficient returns; and it is contended that the action will not lie, and is not sustainable against them as executors, and it is agreed by the parties that judgment shall be rendered for the plaintiffs upon the said verdict, if the court shall be of the opinion that such action is sustainable; otherwise, the said verdict to be set aside, and the action to be discontinued." And on a motion being made for judgment, the opinions of the judges were opposed on the point reserved.

No action will lie against an executor for a personal wrong by the testator. Com. Dig. *Administrator*, B. Nor does it lie against the executor of a jailer for an escape. Ibid. Waste does not lie against an executor or administrator; nor an action upon a penal statute. So trover is said not to lie against an executor upon a trover and conversion by his testator, though a different form of action will lie for the same cause. Cowper, 371.

If the person charged has secured no benefit to himself at the expense of the sufferer, the cause of action is said not to survive; but where, by means of the offence, property is acquired which benefits the testator, there an action for the value of the property shall survive against the executor. And it is laid down in Cowper, 376, with respect to the form, that no action survives where the plea of the defendant must be "not guilty," but where the case survives, some other form must be pursued.

If the deputy-marshal, in the misfeasance complained of, received money or property, the marshal being responsible for such acts, the cause of action survived against his executors. But this is not the case made in the present action. It is an action on the case requiring the general issue of "not guilty." If a liability were shown against the deceased marshal, it could not be enforced against his executors in this form. No action, where the plea must be that the testator was not guilty can

lie, at common law, against the executor. Upon the face of the record, the action arises *ex delicto;* and all private criminal injuries or wrongs, as well as all public crimes, are buried with the offender. 3 Bac. Abr. 539.

The provision in the 10th section of the North Carolina statute, "to prevent the abatement of suits in certain cases,"— which declares that an action of trespass on the case, &c., shall not abate by the death of either party,—does not affect the above question.

This court think that the action, in the form prosecuted, is not maintainable; and they direct the fact to be so certified to the Circuit Court.

### Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of North Carolina, and on the point or question on which the judges of the said Circuit Court were opposed in opinion, and which were certified to this court for its opinion, agreeably to the act of Congress in such cases made and provided, and was argued by counsel. On consideration whereof, it is the opinion of this court, that the action in the form prosecuted will not lie. It is thereupon now here ordered and adjudged by this court, that it be so certified to the said Circuit Court.