## ILLINOIS CENTRAL RAILROAD COMPANY *v.* TURRILL, Administratrix.

## MICHIGAN SOUTHERN AND NORTHERN INDIANA RAILROAD COMPANY *v.* Same.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Argued January 11th, 14th, 1884.—Decided January 28th, 1884.

*Abatement—Interest—Judgment—Patent.*

1. In 1876 a decree was made affirming the principles of a decree below in a suit in equity for relief against infringement of a patent, but sending the case back to ascertain and correct the amount of the damages, on principles laid down by the court. The master reported in 1879. *Held,* That under the circumstances it was equitable to allow interest on the amount from the date of the report.

2. A suit in equity seeking relief against an infringement of a patent does not abate by the death of the plaintiff, but may be prosecuted to final judgment by his legal representative.

*Mr. George Payson* for appellant.

*Mr. Lester L. Bond* and *Mr. Chauncy Smith* for appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The effect of the judgments in these cases, when here on the former appeals, as reported under the name of the *Cawood Patent*, 94 U. S. 695, was to affirm the decrees then appealed from, so far as they charged these appellants respectively with the profits made from the use of the infringing machines known as the "Illinois Central," the "Etheridge," and the "Whitcomb," and to reverse as to the profits made by the use of the "Bayonet Vise," the "Michigan Southern," and the "Bebee & Smith," which were adjudged to be non-infringing machines. The total amount of profits arising from the use of all the machines, infringing and non-infringing, was settled, and the judgment of the court was that the profits had properly been estimated by comparing the cost of mending on the machines with the cost of mending on a common anvil. This was found to be about thirty-six cents per foot mended; in favor of the machines. Nothing was left open for further inquiry but the amounts of the former recoveries for the use of the non-infringing machines. It was quite right, therefore, for the Circuit Court, when the cases went back, to direct the master to ascertain from the old evidence, if possible, and, if not, from new, how much should be deducted from the old decrees on account of the erroneous recoveries. The true way of determining this clearly was to find out what part of the profits for which the original decrees were rendered had been made by the use of the non-infringing machines. This the master attempted to do, and in the case of the Illinois Central Company there is no doubt in our minds that the conclusion he reached was entirely correct. In fact, we do not understand that this is disputed. It is argued that a sufficient allowance was not made in the accounting for cut rails; but that question was settled by the original decree, and could not be re-examined on this reference. The inquiry now is limited to the amount of mending done by the use of the non-infringing machines and its comparative cost.

In the case of the Michigan Southern and Northern Indiana Company, the evidence is not as satisfactory as in that of the Illinois Central. The shop books in which the accounts for repairing rails were kept, if kept at all, were not produced, and had probably been destroyed as of no value before the accounting took place. In their absence it is difficult to determine with accuracy what the facts were, but upon full consideration we are satisfied the Circuit Court did not in its decree under-estimate the amount of deduction to be made in favor of this company.

In making up the decree interest was added from the date of the master's report on the balances found due after the ascertained deductions had been made, and this is assigned for error. As a general rule a patentee is not entitled to interest on profits made by an infringer. The reason is that profits are regarded in the light of unliquidated damages. *Parks* v. *Booth*, 102 U. S. 96, but in many of the cases it is said that circumstances may arise in which it would be proper to add interest. *Mowry* v. *Whitney*, 14 Wall. 620 ; *Littlefield* v. *Perry*, 21 Wall. 205. Here, as has been seen, in effect, the original decrees rendered in July, 1874, were affirmed in 1876, to the extent of the present recoveries. The cases were only sent back to ascertain how much should be deducted from those decrees for errors in the accounts as then stated. If the decrees had been entered originally for the present amounts, the patentee would have been entitled to interest from 1874. That was settled in *Railroad Company* v. *Turrill*, 101 U. S. 836, which was one of the cases affirmed in whole at the former hearing in this court. Under these circumstances, it seems to us not at all inequitable to allow interest on the corrected amounts from the date of the master's report in 1879. The cases are entirely different in this particular from what they would have been if the original decrees had been reversed for error in the principles of the accounting. Those decrees may very properly be considered as affirmed in part and reversed in part, the new reference being had only to find out the exact extent of the reversals.

Since the present appeals were taken the patentee has died, and the appellants now suggest that the causes of action do not survive, and the suits cannot be further prosecuted in the name

of the legal representatives of the decedent. As to this, it is sufficient to say that what was called by Chief Justice Marshall, in *Gordon* v. *Ogden*, 3 Pet. 33, "the silent practice of the court" has always been the other way. It is every-day practice to revive such suits, and the books are full of cases in which this has been silently done, no one apparently entertaining a doubt of its propriety.

*The decree in each of the cases is affirmed.*

MR. JUSTICE BLATCHFORD did not sit in these cases and took no part in their decision.