## KIRK v. DU BOIS.

*(Circuit Court, W. D. Pennsylvania. August 24, 1886.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—SUIT CONTINUED AFTER DEATH OF INFRINGER—BILL OF REVIVOR.
    Where suit is brought for the infringement of patent-rights, and the defendant dies before the granting of a decree, a bill of revivor may be filed to continue the suit against the personal representative of the deceased.

2. SAME—DAMAGES—PROFITS—JURISDICTION.
    The court has power to decree an account of profits and damages for the previous infringement of a patent, when the right to grant an injunction against the infringement has been lost.

Bill of Revivor. Suit to recover damages for the infringement of a patent from the personal representative of a deceased infringer.

*Bakewell & Kerr,* for complainant.

*George A. Jenks* and *T. H. B. Patterson,* for respondent.

Before MCKENNAN and ACHESON, JJ.

MCKENNAN, J. Arthur Kirk, the complainant, filed a bill in equity in this court against John Du Bois, who was duly served with a subpœna, requiring him to appear, and answer said bill. The bill is founded upon a patent for an improvement in the structure of dams, and alleges that the complainant is the owner of it; that the respondent has infringed it; that large profits have accrued to him, and large damages and loss to the complainant, by reason thereof; and therefore praying for an account of said profits, and an ascertainment of said damages, and a decree for their payment, and for an injunction against further infringement. Before any decree, interlocutory or final, in the case, John Du Bois died, leaving a will, of which John E. Du Bois was appointed executor. Thereupon the complainant filed a bill of revivor against John E. Du Bois to revive

and continue the suit against him as the personal representative of the deceased respondent. To that bill John E. Du Bois has demurred, alleging that as, by the death of John Du Bois, the prayer in the bill cannot be granted, the jurisdiction of the court is lost, and the suit cannot be revived for any purpose; and this is the question for determination.

The researches of counsel have supplied us with only one case which, by the similitude of some of its features to the case in hand, apparently sustains the position of the respondent. It is the case of *Draper* v. *Hudson*, 6 Fisher, 327. It was a bill in equity upon letters patent, in which an injunction and discovery and an account were prayed for. The defendant died before final hearing, and this fact was stated upon the record; but it does not appear that any proceeding was taken to revive the suit against his personal representative.

As a general rule, the right to an account of profits in patent cases is incident to the right to an injunction; and "where the title to the principal relief, which is the proper subject of a suit in equity,—an injunction and discovery,—fails, the incident right to an account fails also." *Root* v. *Railway Co.*, 105 U. S. 189. But it does not follow that, where the jurisdiction of the court in an injunction bill has attached, it is entirely ousted by the subsequent happening of an event which precludes the exercise of the power to grant an injunction. On the contrary, patent bills are frequently retained by the circuit courts after the expiration of the term of the patents, when an injunction against infringement could not be granted, and equity, touching accountability for profits and damages and the protection of the patentee's rights, has been administered according to such methods as might be appropriate to the circumstances. Much stronger is the reason for preserving the jurisdiction of the court where its alleged loss results from a mere change of the relation of the respondent to the suit, as by his death, and not because of any failure of the complainant in any of the grounds on which he invoked the intervention of the court. Hence, in *Consolidated Valve Co.* v. *Crosby Valve Co.*, 113 U. S. 159, S. C. 5 Sup. Ct. Rep. 513, which involved two bills upon two patents, in one of which the patent expired before final decree, the supreme court remanded the cause, with instructions to enter a decree sustaining the validity of the patents involved, decreeing infringement and an account of profits and damages, as prayed for, and to grant a perpetual injunction against infringement of the patent which had not expired.

In view, then, of this decree, any further argument in support of the power of the court to decree an account of profits and damages when the right to grant an injunction against infringement has been lost, is unnecessary.

Nor does the death of the respondent afford any stronger foot-hold for the demurrer. That fact does not determine the suit if the cause

of action survives.    It is so expressly provided by the thirty-first sec-
tion of the judiciary act of 1789, and the court is authorized to hear
and determine the cause, and to proceed to judgment therein for or
against the executor or administrator, as the case may be, and a bill
of revivor is the proper method of preserving and continuing the
original suit.    *Clarke* v. *Mathewson*, 12 Pet. 164.

Does the cause of action here, then, survive?    The suit is brought
for a decree against the respondent for profits accruing to him, and
damages resulting to the complainant, by the former's infringement
of the latter's patent-rights.    As was said by Mr. Justice STRONG in
*Mowry* v. *Whitney*, 14 Wall. 620, they are "compensation for the in-
jury the patentee has sustained from the invasion of his rights.
They are the measure of his damages.    Though called profits, they
are really damages, and are unliquidated until the decree is made."
Ascertainable by a definite measure, there can, then, be no doubt that
they are not extinguished by the death of the wrong-doer.    He is still
liable for them through his estate, which can be reached by a con-
tinued prosecution of the suit against his personal representative.

The demurrer is therefore overruled, and the executor is ordered to
answer the bill within 30 days.