GRISWOLD v. HILTON.

(Circuit Court, S. D. New York.   May 14, 1898.)

1. BILL OF REVIVOR—PATENT INFRINGEMENT SUIT.
    Where, pending a bill against a corporation for injunction and account-
    ing for infringement of a patent, the corporation is dissolved by a state
    court, and its assets placed in the hands of a receiver, the federal court
    has power to grant a bill of revivor against the receiver.
2. SAME—SURVIVAL OF ACTIONS—PATENT INFRINGEMENT SUITS.
    A cause of action in equity for an injunction and accounting in respect
    to the infringement of a patent survives so that the estate of the de-
    fendant may be held liable for the profits made by the infringement.

This was a bill of revivor brought by J. Wool Griswold against
William H. Hilton, receiver of the Kilmer Manufacturing Company.

W. Laird Goldsborough, for complainant.
W. H. Van Steenbergh, for defendant.

SHIPMAN, Circuit Judge.   The complainant, J. Wool Griswold,
brought in this court in the year 1895 a bill in equity against the
Kilmer Manufacturing Company, a corporation of this state, which
was founded upon the alleged infringement of the complainant's
letters patent, and prayed for an injunction and an accounting.
After the pleadings had been filed, and after the complainant had
taken proofs in his prima facie case, which was substantially closed,
the manufacturing company was dissolved by order of the supreme
court of the state of New York dated June 25, 1896, and the present
defendant, Hilton, was appointed permanent receiver of its assets
and property.   The proceeding now before the court is a bill of re-
vivor, which prays that the action may be revived, and that Hil-
ton, as receiver, may be made a party defendant, and that the suit
may proceed to a decree in accordance with the prayer of the orig-
inal bill.   The receiver denies that the complainant is entitled to,
or that the court has power to grant, a revivor, and insists that the
original suit was an action of tort, and cannot be revived.

The question whether a federal court of equity has power to grant
a bill of revivor of a suit in equity against the representative of a
defendant who died pending the original suit, and before decree,
the original bill praying for an injunction against the infringement
of letters patent and for an accounting, is not a new question in the
federal courts.   The opinion of Judge Shepley in Draper v. Hud-
son, Holmes, 208, Fed. Cas. No. 4,069, was strongly adverse to the
existence of such power, and subsequently the language of the su-
preme court in Root v. Railway Co., 105 U. S. 189, was supposed to
confirm this opinion.   In the later cases of Kirk v. Du Bois, 28 Fed.
460, and Head v. Porter, 70 Fed. 498, the subject was carefully con-
sidered by Judges McKenna and Colt, and a contrary opinion was
reached, which was based upon the better reason, and Judge Mc-
Kenna's decision was followed in Hohorst v. Howard, 37 Fed. 97.
In Root v. Railway Co., supra, the court held that a federal court
was without jurisdiction of a bill in equity which was brought after
the expiration of infringed letters patent for an invention, and

merely prayed for an accounting of the profits of the infringement, and could not properly ask for an injunction, or for other equitable relief. The ground of the decision was that in that class of cases a decree for an accounting was incidental to the equitable right to an injunction, and that it appeared from the case as made by the bill that no ground of equitable jurisdiction existed. The court did not intend to decide that, where the complainant had an apparent right to an injunction, or other equitable relief, when the bill was brought, the court was ousted of jurisdiction if subsequently, by the expiration of the patent, or other reason, the power to decree an injunction was taken away. On the contrary, it was expressly said in Clark v. Wooster, 119 U. S. 322, 325, 7 Sup. Ct. 217, that "if the case was one for equitable relief when the suit was instituted, the mere fact that the ground for such relief expired by the expiration of the patent would not take away the jurisdiction, and preclude the court from proceeding to grant the incidental relief which belongs to cases of that sort."

The next point which is made by the defendant is that an action in equity to restrain the infringement of a patent is to restrain a tort, and to obtain damages for a tort by the accounting of profits, and does not survive. This question was considered with great care by Judge Colt in Head v. Porter, supra, who showed clearly that it does not follow, because the injury which the defendant committed is called a tort, that the estate of a deceased defendant cannot be made to repay the amount of gain which he received by reason of the wrong. A court of equity declares that the profits which the infringer has made should be delivered and passed over to the complainant, "as it would be inequitable that he [the infringer] should make a profit out of his own wrong." These profits are in equity considered to justly belong to the owner of the patent. 3 Rob. Pat. p. 3, § 1062, note 7. The fact that the tort feasor has made gains out of his wrong which equitably belong to the complainant differentiates the remedies for this class of torts from those applicable to ordinary classes, such as against libel or slander, where the wrongdoer has simply committed an injury without benefit to himself. The principle which is applicable to these two classes is stated in U. S. v. Daniel, 6 How. 11, 13, as follows:

"No action will lie against an executor for a personal wrong by the testator. Com. Dig. "Administrator," B. Nor does it lie against the executor of a jailer for an escape. Id. Waste does not lie against an executor or administrator, nor an action upon a penal statute. So trover is said not to lie against an executor upon a trover and conversion by his testator, though a different form of action will lie for the same cause. Cowp. 371. If the person charged has secured no benefit to himself at the expense of the sufferer, the cause of action is said not to survive; but where, by means of the offense, property is acquired which benefits the testator, there an action for the value of the property shall survive against the executor."

Let there be a decree in favor of the complainant, with costs.