NATIONAL FOLDING-BOX & PAPER CO. v. DAYTON PAPER-NOVELTY CO. et al.

(Circuit Court, S. D. Ohio, W. D.   November 2, 1899.)

PATENTS—DAMAGES FOR INFRINGEMENT—INTEREST.

> Under the settled rule of the supreme court, interest is not recoverable on profits allowed in equity for infringement of a patent prior to the time the master has liquidated the damages, unless under special circumstances of fraud or wantonness.

On Rehearing.

Walter D. Edmonds and A. M. Allen, for complainant.
Wood & Boyd, for defendants.

TAFT, Circuit Judge. An opinion was filed in this cause July 10, 1899 (O. C.) 95 Fed. 991, finding the profits received by defendant from the sale of the infringing boxes to be $12,275.51. At the close of the opinion it was said:

"Interest will be allowed on the amount found due from January 1, 1893. The unlawful action of the defendant, in its willingness to run the chances of the validity of complainant's patent, seems to have been deliberate. I see no reason, therefore, for not including this usual element of damages in the recovery."

A petition for rehearing on the question has now been filed.

It was assumed in what was said in the original opinion that in the recovery of profits for the infringement the question of interest would resemble that of interest in a suit for money had and received, or at least that the court might exercise the same wide discretion intrusted to a jury, in estimating unliquidated damages. Lincoln v. Claflin, 7 Wall. 132. The matter of interest was not the subject of discussion, and the cases were neither cited nor considered. On this hearing many cases in the supreme court and the circuit courts have been presented and examined. They are summed up by Mr. Justice Gray in Tilghman v. Proctor, 125 U. S. 136, 160, 8 Sup. Ct. 906, as follows:

"The only exception of any importance not disposed of or rendered immaterial by what has been already said is the exception of the plaintiff to the refusal of the master to allow interest on profits before the date of his report. If the question thus presented were a new one, it would require grave consideration. But by a uniform current of decisions of this court, beginning thirty years ago, the profits allowed in equity for the injury that a patentee has sustained by the infringement of his patent have been considered as a measure of unliquidated damages, which, as a general rule, and in the absence of special circumstances, do not bear interest until after their amount has been judicially ascertained; and the provision introduced in the patent act of 1870, regulating the subject of profits and damages, made no mention of interest, and has not been understood to affect the rule as previously announced. Silsby v. Foote, 20 How. 378, 387; Mowry v. Whitney, 14 Wall. 620, 651; Littlefield v. Perry, 21 Wall. 205, 229; Act July 8, 1870, c. 230, § 55 (16 Stat. 206); Rev. St. § 4921; Parks v. Booth, 102 U. S. 96, 106; Root v. Railway Co., 105 U. S. 189, 198, 200, 204; Railroad Co. v. Turrill, 110 U. S. 301, 303, 4 Sup. Ct. 5."

It seems to me, with submission, that substantial grounds could be stated against this elimination of interest as a usual element of damage in the recovery of profits for infringement; but an examination of all the cases in the supreme court shows the greatest reluctance on the part of that court to allow interest in a patent case before the master has liquidated the damages, and I have found no statement of the circumstances by that court in which it would be permitted, though there are vague intimations that there might be circumstances justifying the allowance. I am constrained by the weight of this authority to hold that the present case is not so exceptional as to justify the imposition of interest from the date fixed in the opinion. While I think the evidence shows a deliberate willingness on the part of defendants in their infringement to take their chances of being mulcted in damages, I cannot say that their infringement was of the fraudulent and wanton character that seems to be necessary to justify the impo-

sition of interest under the supreme court decisions. They had legal advice that there was a probability of their being able to defeat a suit on the patent, and they had a patent for a paper box under which they claimed to make their boxes. The case was originally referred to a master, who reported the profits received by the defendants from the sale of the infringing boxes to be larger than that now found by the court. This report was filed May 13, 1898. On the 23d of June, 1898, he filed a substituted report, finding that there were no profits chargeable to the defendants. For reasons stated in a former opinion, both reports were set aside, and the court considered the question of profits de novo. The result reached was in effect a substantial confirmation of the first report of the master. I think it within the power of the court to treat the filing of that report as a judicial ascertainment of the damages, and to allow interest at 6 per cent. on the sum of $12,-275.51 from May 13, 1898. It would be unjust to charge to the complainant the loss sustained by the delay from that time to the filing of the opinion. The bill may stand dismissed against the individual defendants, but, in view of the fact that they were privy to the infringement, they must pay their own costs, and such as were incurred in bringing them into the suit. The docket fee will not, however, be imposed on them.