## CAMPBELL v. MAYOR, ETC., OF CITY OF NEW YORK.

(Circuit Court, S. D. New York. November 12, 1900.)

PATENTS—DAMAGES FOR INFRINGEMENT—INTEREST.

Under the general rule that profits recovered as damages for infringement of a patent do not bear interest until their amount has been judicially ascertained, the entering of an order for a decree for the amount of profits found by the court constitutes such ascertainment, and the amount bears interest from the date of such order, notwithstanding any delay in entering the decree.

In Equity. Suit for infringement of patent. See 81 Fed. 182.

Benner & Benner, for complainant.

John R. Bennett, for defendant.

WHEELER, District Judge. The master reported profits from savings in repairs made by infringement of the patent in suit to the amount of $28,363, and reported testimony, evidence, and findings from which the court ascertained savings in hose to the amount of $183,394.32, and in number of men to the amount of $606,344 (in all, $898,074.32), and on May 14, 1897, entered an order for a decree for the payment of this sum. Question is now made, upon the settlement of the final decree, as to the time from which interest should be cast. In Tilghman v. Proctor, 125 U. S. 142, 8 Sup. Ct. 894, 31 L. Ed. 664, it is laid down, at page 160, 125 U. S., page 907, 8 Sup. Ct., and page 672, 31 L. Ed., as a general rule that profits, as a measure of damages for infringement of a patent, "do not bear interest until after their amount has been judicially ascertained." The filing of a report by a master for the sum that is decreed is such an ascertainment. Railroad Co. v. Turrill, 110 U. S. 301, 4 Sup. Ct. 5, 28 L. Ed. 154. In this case the judicial ascertainment was made when the decretal order was filed. That ascertainment has stood ever since, and now goes into the decree. Delay in entering the decree, from whatever cause, does not affect that date. Decree for interest from May 14, 1897.