JOHN F. McKAY *vs.* PENELOPE F. COOLIDGE, individually and as executrix.

Suffolk. December 12, 1913. — May 23, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Clerks of Courts. Limitations, Statute of.*

If a clerk of court neglects to enter a judgment for the plaintiff in an action, in consequence of which the action subsequently is dismissed for want of prosecution, this gives the plaintiff an immediate right of action against the clerk, on

which the statute of limitations begins to run from the time when the judgment should have been entered, although the plaintiff's consequent financial loss is not ascertained, or even does not occur, until long afterwards.

RUGG, C. J. This is a suit in equity brought in January, 1913, to collect from legatees under the will of Joseph A. Willard damages sustained through the alleged negligence of Mr. Willard, as clerk of the Superior Court for the County of Suffolk. The material averments of the bill are that Mr. Willard as clerk negligently failed to keep accurate records respecting the case of Wetmore v. Karrick and to notify the presiding judge of the standing of the case, whereby it was dismissed in June, 1899, upon a general calling of the docket, as a case in which no action had been taken within the preceding year while in truth action had been so taken, and the case was theretofore, in August, 1898, ripe for final judgment in favor of the plaintiff Wetmore, which judgment was not entered as required by law through the negligence of Mr. Willard as clerk; and as a result the present plaintiff, who in this regard is the assignee of the rights of Wetmore, lost a valuable judgment against Karrick. Mr. Willard died in 1904; his will was allowed, his estate was administered and a final account by his executors of their settlement of his estate was allowed by the Probate Court, in 1906.

A demurrer was sustained in the Superior Court * and the plaintiff's appeal from a decree dismissing the bill brings the case here.

The cause of action set forth in the plaintiff's bill is a tort. The misconduct of a clerk of a court in failing to perform his duties in the respects averred constitutes misfeasance or nonfeasance in office. *United States* v. *Daniel,* 6 How. 11. *Dunlop & Co.* v. *Keith,* 1 Leigh, 430. The alleged negligent conduct occurred in 1898 and 1899. That conduct as alleged was definite in its effect on the plaintiff in that it was a failure to enter a judgment in his favor when it ought to have been entered, and an omission to make a correct court record, and an oversight in not advising the presiding judge of the facts touching a particular case. These wrongful acts were patent at the time they were done. They were not committed in secret, nor were they concealed. They then constituted an infraction of the plaintiff's rights. He was entitled at that time to have his judgment properly entered and not to

---

* By *Morton,* J.

have his action dismissed for want of prosecution, which was in substance an adjudication against his claim. If he seasonably had availed himself of the ample remedies provided by law in his behalf, his rights might have been restored. *Karrick* v. *Wetmore*, 210 Mass. 578. But his failure to avail himself of these remedies did not postpone the accrual of his right of action against the clerk. The misconduct of the clerk remained the initial wrong. That violation of his rights was personal to the plaintiff. It was of such nature that the law implied a damage, even though in fact only nominal, for which an action might have been brought at once. The duty which the clerk is alleged to have violated was one directly and instantly affecting the rights of the plaintiff. That his ultimate financial loss was not immediately ascertained or did not occur until later is an immaterial circumstance.

It long has been the law that the nonfeasance or misfeasance of a public officer constitutes the cause of action and not the resulting damage. *Ravenscroft* v. *Eyles*, 2 Wils. 294. *Goding* v. *Ferris*, 2 H. Bl. 14.

In principle *Caesar* v. *Bradford*, 13 Mass. 169, and *Miller* v. *Adams*, 16 Mass. 456, are controlling. These were actions against officers, the first for falsely returning that he had taken bail, and the second for misfeasance in serving the writ so that judgment rendered in the case was liable to be reversed. In each case it was held that the right of action arose at the time of the wrongful act and not at the time when the damage became manifest.

These cases are distinguishable from *Rice* v. *Hosmer*, 12 Mass. 127, *Mather* v. *Green*, 17 Mass. 60, *West* v. *Rice*, 9 Met. 564, and similar instances of actions against a sheriff for taking a valid but insufficient bail bond where it has been held that the right of action accrues, not when the writ is filed in court, but when a return of *non est inventus* has been made upon the execution issued against the principal. These decisions are placed upon the ground that the return of the officer that he had made an arrest and taken a bail bond was strictly true, and that as it was the custom for the sheriff to retain the bail bond until it was called for by the plaintiff after his execution was unsatisfied, knowledge of the wrong done him could not come home to the injured party until it became time for him to call for the bond.

The great weight of authority in other jurisdictions supports

the conclusion that the breach of duty of a public officer which directly affects the rights of a private individual gives rise at once to a right of action even though the entire extent of the injury may not be discovered until later. *Snedicor* v. *Davis,* 17 Ala. 472. *Shackelford* v. *Staton,* 117 N. C. 73. *Betts* v. *Norris,* 21 Maine, 314. *Hall* v. *Tomlinson,* 5 Vt. 228. *Lambert* v. *McKenzie,* 135 Cal. 100. *Rosborough* v. *Albright,* 4 Rich. (S. C.) 39. *Owen* v. *Western Saving Fund,* 97 Penn. St. 47. *Daniel* v. *Grizzard,* 117 N. C. 105. *Kerns* v. *Schoonmaker,* 4 Ohio, 331. *Utica Bank* v. *Childs,* 6 Cowen, 238. *Bartlett* v. *Bullene & Co.* 23 Kans. 606. *Jones* v. *Bain,* 12 U. C. Q. B. 550. *Lightner Mining Co.* v. *Lane,* 161 Cal. 689, at page 696.

The nature of the wrong here alleged is such that injury to the plaintiff flowed from it as a necessary consequence. The circumstances that he failed to avail himself of the remedies for correcting that wrong within the time allowed and then followed an improper course and thereby long delayed the discovery of the full extent of his actual loss, do not affect the principle upon which the running of the statute of limitations rests. Hence it is not necessary to discuss the distinction sometimes suggested to the effect that a public officer is not liable to an individual for breach of a public and official duty until there has been suffered a special and peculiar injury not common to the general public, a proposition which finds support in *Bank of Hartford County* v. *Waterman,* 26 Conn. 324; *People* v. *Cramer,* 15 Col. 155; *State* v. *McClellan,* 113 Tenn. 616; nor to determine whether these decisions are in harmony with sound reason or the weight of authority.

The result is that the plaintiff's claims, having arisen in 1898 and 1899, are barred by the statute of limitations.

*Decree affirmed with costs.*

*H. T. Richardson,* for the plaintiff.

*R. B. Coolidge,* for the defendant.