## VAN CHOATE v. GENERAL ELECTRIC CO.

(District Court, D. Massachusetts. March 13, 1917.)

### No. 7.

1. COURTS ⊜363—FEDERAL COURTS—SURVIVAL OF ACTIONS—LAW GOVERNING.

   There being no federal statute defining what causes of action survive, a cause of action arising under the common law or under the statute of a state is governed by the lex loci, and causes of action arising under the laws of the United States by the principles of the common law.

2. ABATEMENT AND REVIVAL ⊜57—SURVIVAL OF ACTIONS—ACTIONS FOR PENALTIES.

   Under Rev. St. § 4919 (Comp. St. 1916, § 9464), providing that damages for the infringement of any patent may be recovered by action on the case, and that the court may enter judgment for any sum above the amount found by the verdict as the actual damages, according to the circumstances of the case, not exceeding three times the amount of the verdict, the additional compensation given by the statute has no relation to the infringer's profits, but is based solely on the patentee's damages, and is therefore in the nature of a penalty, and the claim does not survive; causes of actions for penalties not surviving at common law.

3. ABATEMENT AND REVIVAL ⊜57—SURVIVAL OF ACTIONS—STATUTORY ACTIONS.

   A claim for actual damages for the infringement of a patent, under Rev. St. § 4919 (Comp. St. 1916, § 9464), does not survive the death of the patentee.

At Law. Action by one Van Choate against the General Electric Company. On motion by Georgiana C. Van Choate, administratrix, for leave to appear and prosecute the action. Motion disallowed.

---

S. A. Fuller, W. E. Bowden, Linville H. Wardwell, and Nason & Proctor, all of Boston, Mass., for plaintiff.
Robert T. Herrick, for defendant.

MORTON, District Judge. This is an action of tort to recover damages for infringement of the plaintiff's patent, "together with such additional amount, not exceeding in the whole three times the amount of such actual damage, as to this honorable court may seem meet and just under the circumstances." It is brought under Rev. St. § 4919 (Comp. St. 1916, § 9464), and is an "action on the case" within that statute.

Several motions were made to amend the declaration. One of them was heard and disallowed by Judge Lowell on February 26, 1907. No action appears to have been taken on the others. The case stands on the original declaration, filed on July 22, 1903, and on the original answer, filed December 26, 1907, which begins with a plea of not guilty. On March 29, 1910, the plaintiff died. Georgiana C. Van Choate, representing herself to be his administratrix, has filed a suggestion of his death, and has moved for leave to appear and prosecute the action. The motion is resisted, upon the ground that the cause of action did not survive, and that the action abated on the death of the plaintiff.

[1] There is no United States statute defining what causes of action survive. Rev. St. § 955 (Comp. St. 1916, § 1592), provides only that, "in case the cause of action survives by law," the representative of the deceased party may come in. What those causes are is left to be determined by state statutes when those are applicable, and by common law when they are not.

Where the cause of action arises under the common law or under the statute of a state, its survivorship is governed by the lex loci. Martin v. B. & O. R. R., 151 U. S. 673, 691, 14 Sup. Ct. 533, 38 L. Ed. 311; B. & O. R. R. Co. v. Joy, 173 U. S. 226, 19 Sup. Ct. 387, 43 L. Ed. 677. In causes of action which arise solely under the laws of the United States, survivorship is determined according to the principles of the common law. Schreiber v. Sharpless, 110 U. S. 76, 3 Sup. Ct. 423, 28 L. Ed. 65. At common law, actions ex delicto did not survive, except in a few instances, in which the injured party had the right to waive the tort and sue in assumpsit. Patton v. Brady, Ex'x, 184 U. S. 608, 614, 22 Sup. Ct. 493, 46 L. Ed. 713; Phillips v. Homfray, 24 Ch. D. 439; U. S. v. Daniels, 6 How. 11, 12 L. Ed. 323. Actions for mere injuries not resulting in profit to the wrongdoer did not survive either his death or that of the injured party. Henshaw v. Miller, 17 How. 212, 219, 222, 15 L. Ed. 222. Penal actions, for obvious reasons, come within the class which are abated by death. Schreiber v. Sharpless, supra.

[2] The additional compensation mentioned by the statute has no relation to profits made by the infringer, but is based solely on damages sustained by the patentee. It may largely exceed any gains which the infringer actually made from his wrongdoing. It is therefore in the nature of a penalty, and the claim for it does not survive. F. Speidel Co. v. Barstow Co. (D. C. R. I.) 232 Fed. 618.

[3] But the plaintiff claims, not only the additional (or penal) compensation referred to, but also actual damages; and the two are evi-

dently separable. If the action for such damages survives, the administratrix ought to be allowed to come in and prosecute, and the motion, before me ought to be allowed. I rule that the claim for damages does not survive, and that no cause of action which survives the plaintiff's death is stated in the declaration. Cases supra. I therefore disallow the motion of the administratrix for leave to appear and prosecute.

Motion disallowed.

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.