## ELECTROPURE SALES CORPORATION et al. v. ANGLIM.

District Court, W. D. New York.

Nov. 30, 1937.

Maurice Lutwack, of Buffalo, N. Y., for plaintiffs.

John Leo Sullivan, of Dunkirk, N. Y., for defendant.

KNIGHT, District Judge.

The bill of complaint in this action sets forth that the plaintiff Electropure Sales Corporation was the owner of certain patents on apparatus and process for pasteurizing milk, which patents were assigned to the plaintiff Trumbull Electric Manufacturing Company, the Electropure Sales Corporation retaining the right to collect all sums due under contracts existing at the time of the assignment. The Trumbull Electric Manufacturing Company now markets an improved device of the same nature. Defendant is the owner of patent No. 1,468,871, known as the Anglim patent covering another device for accomplishing the same purpose.

It is alleged that the defendant has asserted, threatened, and claimed that the apparatus made, sold, and used by plaintiffs and the process followed by the Electropure Sales Corporation and its customers are and continue to be an infringement of the Anglim patent and has threatened to bring suit against the plaintiffs and their customers. Plaintiff further alleges that defendant's rights under the patent have not been violated by plaintiff, and further that said letters patent to Anglim are void and that, despite demands by plaintiff that defendant cease making and withdraw such threats, defendant persists in threatening to bring suit against plaintiffs and their customers. It is alleged that defendant has not brought any such suit and does not intend to, but intends to use the Anglim patent as a color of right unlawfully and unjustly to compel plaintiffs and their customers to buy their peace of defendant. The apparatus and process of the defendant are claimed to be unfit for the commercial pasteurization of milk and not broad enough to cover the apparatus or the process used by plaintiffs and their customers. Plaintiff Electropure Sales Corporation contends

that it has been damaged in sales and reputation, and as a second cause of action alleges that defendant, by maliciously, wantonly, and promiscuously sending threatening letters to plaintiffs and the customers of Electropure Sales Corporation, has caused said customers to violate their agreements with said Electropure Sales Corporation and interfered with the carrying out of such agreements to the great and irreparable damage of such plaintiff. It is also alleged that, if the threats are allowed to continue, they will seriously damage the plaintiff Trumbull Electric Manufacturing Company.

The prayer of the bill is that the court declare the right of plaintiffs to make, use, sell, and license their respective apparatus and process and the right of plaintiffs' customers to use and practice such apparatus and process without threats or other interference by defendant, his heirs, successors or assigns under the Anglim patent; that the court enjoin defendant from sending out notices of alleged infringement and threats to sue either plaintiffs or their customers under the Anglim patent; and that defendant be required to account to plaintiff for all gains, profits, and advantages realized by defendant by reason of his unlawful use of said patent and also the damages and injuries sustained by the plaintiff Electropure Sales Corporation, as a result of defendant's unlawful conduct.

The amended answer interposed by defendant denies that the letters were sent in bad faith and alleges that they were sent pursuant to the patent laws of the United States and that plaintiff is infringing the Anglim patent whereby defendant has suffered great damage, for which judgment is prayed.

Before the case was reached for trial, the defendant, Thomas H. Anglim, died intestate, the action thereby abating. Kathryn Anglim was duly appointed administratrix. Motion is now made to revive the action against the administratrix.

Revivor of an action where one of the parties is deceased is governed by section 778 of title 28 of the United States Code, 28 U.S.C.A. § 778, which provides: "When either of the parties, whether plaintiff or petitioner or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, pros-

ecute or defend any such suit to final judgment. The defendant shall answer accordingly, and the court shall hear and determine the cause and render judgment for or against the executor or administrator, as the case may require. And if such executor or administrator, having been duly served with a scire facias from the office of the clerk of the court where the suit is depending twenty days beforehand, neglects or refuses to become a party to the suit, the court may render judgment against the estate of the deceased party in the same manner as if the executor or administrator had voluntarily made himself a party."

Equity Rule 45, 28 U.S.C.A. following section 723 provides: "In the event of the death of either party the court may, in a proper case, upon motion, order the suit to be revived by the substitution of the proper parties. If the successors or representatives of the deceased party fail to make such application within a reasonable time, then any other party may, on motion, apply for such relief, and the court, upon any such motion may make the necessary orders for notice to the parties to be substituted and for the filing of such pleadings or amendments as may be necessary."

■ The above-quoted section provides for revivor of a suit only in case the cause of action survives at law. The question of survival is one of right, not procedure. Plimpton v. Mattakeunk Cabin Colony (D.C.) 6 F.Supp. 72. The cause of action stated in the complaint is essentially an action in tort. The wrong alleged is the sending of threatening letters for the purpose of interfering in the business relations between plaintiffs and their customers. Substantial damage to plaintiffs is claimed to have resulted from defendant's acts. At common law tort actions abate with the death of the defendant except where by his wrongful acts defendant has enriched himself or his estate. Sullivan v. Associated Billposters and Distributors of United States and Canada et al. (C.C.A.) 6 F.2d 1000, 42 A.L.R. 503; Jones v. Van Zandt, Fed.Cas.No.7,503. It is upon the theory of enrichment from a wrong that a suit for infringement of a patent is revived against the personal representative of the deceased. This is well illustrated by the cases cited by the plaintiffs. Illinois Central R. R. Co. v. Turrill, 110 U.S. 301; Kirk v. DuBois (C.

C.) 28 F. 460; Head v. Porter (C.C.) 70 F. 498; Griswold v. Hilton (C.C.) 87 F. 256. The plaintiff has not alleged that defendant has been unjustly enriched by his alleged wrongful conduct. It thus appears that the cause of action is not one which survives the death of defendant and is not properly revivable. Obviously, no injunction is necessary to restrain further threats by the defendant. Plaintiff contends that the administratrix may continue the policy adopted by the defendant, but no proof is offered to show that the administratrix has taken any such action. Even had the administratrix continued the threats, a separate action would be necessary against her.

An order in conformity herewith may be submitted for signature.