Edwin H. ARMSTRONG, Plaintiff,

v.

EMERSON RADIO & PHONOGRAPH CORPORATION, Defendant.

Edwin H. ARMSTRONG, Plaintiff,

v.

RADIO & TELEVISION, Inc., Defendant.

United States District Court
S. D. New York.
June 6, 1955.

Byerly, Townsend & Watson, New York City, Alfred McCormack (of Cravath, Swaine & Moore), New York City, of counsel for Esther Marion Armstrong, executrix.

Darby & Darby, New York City, Floyd H. Crews, New York City, of counsel,

for defendant Emerson Radio & Phonograph Corp.

Alfred O. Englander, New York City, for defendant Radio & Television, Inc.

DAWSON, District Judge.

This is a motion to substitute the executrix of the plaintiff pursuant to Rule 25(a), Fed.Rules Civ.Proc. 28 U.S.C.[1]

The issue is whether an action for past patent infringement survives the death of the owner of the patent.

This action was commenced on December 21, 1953, seeking damages for past infringement of two expired patents and of one unexpired patent, and an injunction to restrain present infringement on the unexpired patent. Defendants oppose the motion as to the claims for past infringement on the two expired patents and on the unexpired patent on the ground that the actions have been extinguished by the death of the owner of the patent. The facts are not in dispute.

Recent decisions in other districts have held, without opinion, that in an action on the present patents, the executrix should be substituted. Armstrong v. Sylvania (D.C.Mass., Feb. 3, 1955), Civ. Act. No. 54–6–S, mandamus denied In re Sylvania Elec. Products, 1 Cir., 1955, 220 F.2d 423; Armstrong v. Motorola (D.C.N.D.Ill., Mar. 28, 1955), Civ.Act. No. 54–C–19. However, the only reported decision, Van Choate v. General Electric Co., D.C.Mass.1917, 245 F. 120, held to the contrary in a case involving another patent.

Defendants contend that there are three basic reasons why the death of the plaintiff extinguishes the actions:

(1) The action is for a tort.

(2) The action is to recover a penalty.

(3) The action to recover for past infringement is not assignable.

I will consider the questions in that order.

It is well settled that a cause of action based upon patent infringement, being purely of statutory creation, arises out of Federal law, and in the absence of a statute prescribing that the action shall survive, survival or not depends upon the interpretation of the statute in the light of the Federal common law, 1 C.J.S., Abatement and Revival, § 135, p. 183. Schreiber v. Sharpless, 1884, 110 U.S. 76, 3 S.Ct. 423, 28 L.Ed. 65; Sullivan v. Associated Billposters & Distributors, 2 Cir., 1925, 6 F.2d 1000, 42 A.L.R. 503.

Consideration of the cases construing the common law and the statute creating the right indicates that the present actions survive. The fact that an action is one for a tort does not mean, in and of itself, that the action abates upon the death of a plaintiff. The old rule to that effect was modified as far back as the Statute of 4 Edw. III, called the "Statute de Bonis Asportatis in Vita Testatoris" which allowed executors to maintain actions of trespass for chattels taken and carried away in the lifetime of their testator. The real test, at common law, so far as tort actions were concerned, seems to have been whether the injury on which the cause of action was based affected property rights, or affected the person alone. In the former case, the cause of action survived, while in the latter, it abated. Sullivan v. Associated Billposters & Distributors, supra; see Sperbeck v. A. L. Burbank & Co., 2 Cir., 1951, 190 F.2d 449.

As early as 1884, the United States Supreme Court considered a case where a patentee had died after an appeal had been taken. Appellants suggested that the cause of action for past infringement did not survive and could not be further prosecuted in the name of the legal representatives of the decedent. The Court, in rejecting this contention, said:

> "It is every-day practice to revive such suits, and the books are full of cases in which this has been

---

[1] "If a party dies and the claim is not thereby extinguished, the court within 2 years after the death may order substitution of the proper parties."

silently done, no one apparently entertaining a doubt of its propriety." Illinois Central Railroad Co. v. Turrill, 1884, 110 U.S. 301, 4 S.Ct. 5, 6, 28 L.Ed. 154.

The Court of Appeals of this Circuit assumed, in a case discussing another issue, that the law was clear that where claims for patent infringement are made and injunctions are sought, the suits survive in favor of the personal representatives of the plaintiff. Sullivan v. Associated Billposters & Distributors, supra, 6 F.2d at page 1003.

■ Even at common law, in certain instances, an administrator or executor might recover where the wrong was an injury to property and not an injury to the person. Van Beeck v. Sabine Towing Co., 1937, 300 U.S. 342, 57 S.Ct. 452, 81 L.Ed. 685. A cause of action under the patent laws of the United States is not based upon an injury to the person but on an injury to property rights. Hartford-Empire Co. v. United States, 1945, 323 U.S. 386, at page 415, 65 S.Ct. 373, 89 L.Ed. 322. An infringement of a patent right belonging to another is a taking of his property. Crozier v. Fried Kruppaktiengesellschoft, 1912, 224 U.S. 290, at page 304, 32 S.Ct. 488, 56 L.Ed. 771.

Defendants' next point is that the complaint seeks treble damages pursuant to the provisions of the patent law, 35 U.S.C. § 284, that actions for treble damages are penal in nature and that actions that are penal in nature do not survive.

■ ■ There is no doubt that at common law actions that were penal in nature did not survive. Schreiber v. Sharpless, supra [110 U.S. 76, 3 S.Ct. 424]. But as that case said: "Whether an action survives depends on the substance of the cause of action, not on the forms of proceeding to enforce it."

■ Thus, the fact that a statute grants the right of assessment of treble damages does not make an action on the statute a penal one so that the death of a party extinguishes the right thereon. Cf. Kirk v. Commissioner of Internal Revenue, 1 Cir., 1950, 179 F.2d 619, 15 A.L.R.2d 1031; Popplewell v. Stevenson, 10 Cir., 1950, 185 F.2d 111; Moore v. Backus, 7 Cir., 1935, 78 F.2d 571, 101 A.L.R. 379, certiorari denied 296 U.S. 640, 56 S.Ct. 173, 80 L.Ed. 455; Sullivan v. Associated Billposters & Distributors, supra.

■ In such an action, the compensation sought is that fixed by the statute. This is merely an arbitrary yardstick fixed by Congress for determining the compensation which may be recovered; it is not a penalty.

■ There is no doubt that the damage provision of the patent law, 35 U.S.C. § 284, is remedial, and the damages contemplated may be awarded whether the wrong was intentional or unwitting. Walker on Patents, Dellers Ed., Sec. 835. Public policy dictates that where the injury is to property, intangible aspects of the damage claim which relate to the complexities of our industrial society be satisfied by the imposition of additional damages, which though in some aspects punitive, are inherently remedial. See Activated Sludge v. Sanitary District of Chicago, D.C.Ill.1946, 64 F.Supp. 25, affirmed 7 Cir., 157 F.2d 517, certiorari denied 330 U.S. 834, 67 S.Ct. 970, 91 L.Ed. 1281.

Defendants' last argument is that a cause of action for past infringement of a patent is not assignable separately from title to the patent; and that a cause of action which is not assignable does not at common law survive the death of the owner of the right.

■ It is to be noted that defendants do not claim that the cause of action for past infringement on the unexpired patent is extinguished. As a general rule, an action survives or abates, depending upon whether it is assignable. Sperbeck v. A. L. Burbank & Co., Inc., supra; 1 C.J.S., Abatement and Revival, § 132, p. 179. However, the rule cannot be applied in the abstract. It is hornbook law that the body out of which the rights arise, i. e., the patent may be assigned. Richmond Screw Anchor Co. v.

**180**

United States, 275 U.S. 331, 48 S.Ct. 194, 72 L.Ed. 303; Crown Die & Tool Co. v. Nye Tool & Machine Works, 1922, 261 U.S. 24, 43 S.Ct. 254, 67 L.Ed. 516; Waterman v. Mackenzie, 1891, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923. What these cases do hold, however, is that the patent and the causes of action that may flow from rights under the patent may not be segregated. That is to say, that a cause of action upon a patent may not be commenced, unless the plaintiff is the owner in whole or in part of the patent.

Defendants seek here to do exactly what the cases have held cannot be done—segregate a cause of action for past infringement from the patent itself. Defendants argue that the patents having expired, they cease to exist and are not owned by anyone, and that all that remained was a right to sue for past infringement; and that this right could not be assigned since there is now no patent that could be assigned.

The argument is ingenious but it fails to consider certain indispensable questions. Decedent was the owner of the patent. Past infringement of a patent that has subsequently expired was as much an injury to the property of the patentee as a present infringement.

A cause of action for such injury surviving, it is of little moment that such an action by itself could not be assigned separate from the patent. The suit is not on an assigned right, for no right was assigned. The suit is one for damages to the property of the decedent at a time when he was the owner of the patent.

It is quite clear, therefore, that to accept defendants' argument, we would have to attribute to Congress an intent to abrogate the common law and deprive an executor or administrator of the right to bring an action for damages to the property of his decedent. Such a construction is unthinkable.

Motion to substitute Esther Marion Armstrong, executrix of the estate of Edwin H. Armstrong, as party plaintiff is granted. Settle order.