MICHAEL LIEBOWITZ and SAMUEL J. LEWIS,
t/a Sonro Co., a partnership,
Plaintiffs,

*vs.*

BENJAMIN E. HICKS, formerly a Register in Chancery, and MASSACHUSETTS BONDING and INSURANCE COMPANY, a Massachusetts corporation, and WILLIAM PRICKETT, JR., Receiver of Northwest Natural Gas Company in Civil Action No. 1091, Defendants.

*New Castle, March 3, 1965*

*Murray M. Schwartz,* of Longobardi & Schwartz, Wilmington, for plaintiffs.

*E. Dickinson Griffenberg, Jr.,* of Killoran & Van Brunt, Wilmington, for defendants Benjamin E. Hicks and Massachusetts Bonding and Ins. Co.

SHORT, Vice Chancellor: This is an action on the statutory bond of a former Register in Chancery for New Castle County, Delaware. Defendant Hicks and Massachusetts Bonding and Insurance Company have moved to dismiss on the ground that the action is barred by limitations. This is the decision on that motion.

The complaint, filed December 30, 1963, alleges the following facts: Hicks was Register in Chancery for New Castle County from January 1, 1957 to December 31, 1960. Before entering upon the duties of that office, Hicks filed a bond as required by 9 *Del.C.* § 9115(a), conditioned for the faithful performance of his duties, with Massachusetts Bonding and Insurance Company as surety. The statute requiring the bond provided that any person injured by breach of

its conditions has a remedy in this court. On January 15, 1959, defendant Prickett was appointed Receiver of Northwest Natural Gas Company (Northwest), a Delaware corporation, in Civil Action No. 1091 in this court. The Receiver, on February 18, 1959, filed a report purporting to list the creditors of Northwest. The report so filed did not include the name of plaintiffs (Sonro), which was a creditor of Northwest. On March 20, 1959 an order was entered in the receivership proceedings requiring claims of creditors to be filed on or before June 1, 1959. Plaintiff Sonro filed its proof of claim in the office of the Register on April 23, 1959. On October 22, 1959 this court entered an order in the receivership action directing the Register to send notices to creditors "who had filed claims" to produce evidence thereof on or before December 1, 1959. The Register thereafter sent notices to creditors listed on the Receiver's report of February 18, 1959 and not, as required by said order, to creditors who had filed claims. In consequence of this breach of duty, Sonro received no notice, failed to prove its claim and did not participate in the distribution ultimately made by the Receiver on December 3, 1962. The complaint further alleges that the Register breached his duty in failing to make a formal docket entry of the claim of Sonro when it was received in his office on April 23, 1959 with the result that there was no record of the claim in the office of the Register.

10 *Del.C.* § 8104 provides: "No action shall be brought upon the official obligation of any * * * Register in Chancery * * *, against either the principal or sureties, after the expiration of 3 years from the accruing of the cause of such action."

Defendants contend that Sonro's cause of action accrued no later than December 1, 1959, the last day on which Hicks could have given timely notice to enable Sonro to produce evidence in support of the claim. Plaintiff Sonro contends that the cause of action accrued on December 3, 1962, the date of distribution. Plaintiff's contention is founded upon the theory that it was not hurt and, therefore, had no cause of action capable of being sued upon until omitted as a distributee at the time of distribution.

It is generally held that an action sounding in tort accrues at the time when the tort is committed and that the statute of limita-

tions begins to run at that time. 54 *C.J.S. Limitation* of *Actions* § 168 p. 122. So, in *Mastellone v. Argo Oil Corp., 7 Terry* 102, 82 *A.2d* 379, a case involving conversion of corporate stock, it was held that the cause of action accrued at the time of the conversion. In *Glassberg v. Boyd, 35 Del.Ch.* 293, 116 *A.2d* 711, a case of civil conspiracy, this court held that where the complaint disclosed that all of the overt acts of the conspiracy occurred more than three years prior to the filing of the action it was barred by limitations. And, in *Green v. Loper,* 6 *Terry* 117, 67 *A.2d* 856, an action by an administrator under the Death Act based upon negligence, it was held that the cause of action accrued on the date of death rather than on the date when letters of administration were granted. Ignorance of the tort does not toll the operation of the statute. *Mastellone v. Argo Oil Corp., supra.* Neither does inability to ascertain the damages flowing therefrom. *Cappuci v. Barone, 266 Mass.* 578, 165 *N.E.,* 653; *Wilcox v. Plummer,* 4 *Pet.* 172, 9 *U.S.* 43, 7 *L.Ed.* 821; *Howell v. Young, 5 B. & C.* 259, 108 *Eng. Reprint* 97.

These general principles have been quite uniformly held to apply in actions against public officers for breach of their duties. Many of the authorities are cited in the leading case of *McKay v. Coolidge,* 218 *Mass.* 65, 105 *N.E.* 455, 52 *L.R.A. (N.S.)* 701, *Ann. Cas.* 1916A, 883. To these may be added *Baie v. Rook,* 223 *Iowa* 845, 273 *N.W.* 902; *Bank of Spruce Pine v. McKinney,* 209 *N.C.* 668, 184 *S.E.* 506. There are a few cases which have been regarded as reaching a contrary conclusion but which, on examination are clearly distinguishable. Thus in State ex rel. *Fehnenbach v. Logan,* 195 *Mo. App.* 171, 190 *S.W.* 75, it appeared that a Recorder had incorrectly certified on the margin of his records that a parcel of real estate had been released from a deed of trust. Plaintiffs thereafter purchased the land relying upon the Recorder's certification. The deed of trust was subsequently declared to be a valid lien against the property. Plaintiffs paid off the lien and brought an action against the Recorder and his surety on the bond. The court held that the statute of limitations did not begin to run as to plaintiffs until they acquired the land. It is obvious that plaintiffs in the Logan case had no cause of action prior to the time when they purchased the land. The cause did not accrue until they acquired their interest in reliance upon the certification. The court

expressly recognized that the general rule would be applicable if the suit had been by the owner of the deed of trust against the Recorder. The court said: "It might well be held, as illustrating the two lines of cases with reference to time when the statute of limitations commences to run, that had the owner of the deed of trust wrongfully released brought an action against the recorder for any damage to her, such damage would be direct and immediate, and the statute of limitations would commence to run when the wrongful act was committed [citing, *inter alia, McKay v. Coolidge, supra*], but as to relators no damage was then done, and none was done till they dealt with the property on the false showing that the same was free and clear of this incumbrance." A similar factual situation was involved in People to Use of Federal Land *Bank of Wichita v. Ginn,* 106 Colo. 417, 106 *P.2d* 479. The distinction between cases where plaintiff suffers an immediate injury by reason of misconduct of a public officer and those wherein no injury is sustained until plaintiff acquires an interest in property is also recognized in State ex rel. *Graham v. Walters,* 31 *Ind.App.* 77, 66 *N.E.* 182, 99 *Am.St.Rep.* 244.

As applied to plaintiffs whose rights are immediately affected by a breach of duty on the part of a public officer, the Supreme Judicial Court of Massachusetts in *McKay v. Coolidge, supra,* stated the law in the following language: "The cause of action set forth in the plaintiff's bill is a tort. The misconduct of a clerk of a court in failing to perform his duties in the respects averred constitutes misfeasance or nonfeasance in office. *United States v. Daniel,* 6 *How.* 11, 12 *L.Ed.* 323; *Dunlop v. Keith,* 1 *Leigh* (Va.) 430, 19 *Am.Dec.* 755. The alleged negligent conduct occurred in 1898 and 1899. That conduct as alleged was definite in its effect on the plaintiff in that it was a failure to enter judgment in his favor when it ought to have been entered, and an omission to make a correct court record, and an oversight in not advising the presiding judge of the facts touching a particular case. These wrongful acts were patent at the time they were done. They were not committed in secret, nor were they concealed. They then constituted an infraction of the plaintiff's rights. He was entitled at that time to have his judgment properly entered and not to have his action dismissed for want of prosecution, which was in substance an

adjudication against his claim. If he seasonably had availed himself of the ample remedies provided by law in his behalf, his rights might have been restored. *Karrick v. Wetmore,* 210 *Mass.* 578, 97 *N.E.* 92. But his failure to avail himself of these remedies does not postpone the accrual of his right of action against the clerk. The misconduct of the clerk remained the initial wrong. That violation of his rights was personal to the plaintiff. It was of such nature that the law implied a damage, even though in fact only nominal, for which action might have been brought at once. The duty which the clerk is alleged to have violated was one directly and instantly affecting the rights of the plaintiff. That his ultimate financial loss was not immediately ascertained or did not occur until later is an immaterial circumstance. It long has been the law that the nonfeasance or misfeasance of a public officer constitutes the cause of action and not the resulting damage. "* * * The great weight of authority in other jurisdictions supports the conclusion that the breach of duty of a public officer which directly affects the rights of a private individual gives rise at once to a right of action even though the entire extent of the injury may not be discovered until later." The law as thus announced has been followed by the great majority of courts. As applied to the facts of this case, it simply means that plaintiff's cause of action accrued at the time of the breaches of duty asserted in the complaint, both of which occurred in 1959.

Plaintiff Sonro contends that the duty of the Register in the present case was a continuing one and that if the court had been made aware prior to distribution that the Register had failed in his duty, the court would undoubtedly have permitted plaintiff to file proof of its claim at any time before distribution, thereby establishing the date of distribution as the time at which plaintiff's cause of action accrued. This argument is fully answered in the quotation from the opinion of the Massachusetts court in *McKay v. Coolidge, supra.*

While there is a natural reluctance on the part of the court to excuse misconduct of one of its own officers merely because of the passage of time, nevertheless, statutes of limitations are designed to require the assertion, by legal action, of claims within the period fixed

as reasonable by the statute. Certainly, in the present case, inquiry by plaintiff would have disclosed the progress of the receivership proceeding and would have revealed that its claim failed of proof because of the Register's neglect of duty. Had such inquiry been made prior to the date of distribution then, undoubtedly, as plaintiff argues, the court, on appropriate application, would have permitted plaintiff to submit its proof and participate in the distribution. But regardless of the fact of inquiry, plaintiff's failure to commence action within the time limited by the statute is, in the absence of fraud or concealment, neither of which is here charged, a bar to its claim, whether the failure was due to ignorance of the Register's neglect or to its own mistake of the law.

The motion to dismiss as to Benjamin E. Hicks and Massachusetts Bonding and Insurance Company is granted.

Though William Prickett, Jr., the Receiver of Northwest, is joined as a party defendant in this action, the specific prayers of the complaint seek no relief as to him. There is no pending motion with respect to this defendant. Therefore, jurisdiction will be retained as to plaintiff's cause of action, if any, against Prickett.

Order on notice.