Cabell, J.
delivered the resolution of the court. If the chancellor had not jurisdiction of the case stated in the bill, it will be unnecessary to look farther.
As early as the year 1744, an act passed (5 Hen. stat. at large, p. 220.) authorising a suit in chancery against persons out of the country, and others within the country having in their hands effects belonging to the absent defendants. But that act was intended to apply to those cases only, in which the plaintiffs and the absent defendants stood, towards each other, in the relation of creditor and debtor: for the act recites, as the motive for its adoption, the great difficulties that had arisen in the recovery of debts due to the inhabitants of this country, from persons residing out of it. At a long subsequent period, in the year 1787, (12 Id. 466, 7.) the legislature authorised proceedings against other absent defendants, similar to those which the preceding law had given against absent debtors. The provisions of both these laws, with some others on the same subject, are brought together in the Revised Code.
The bill of Dunlop & Co. states the case of a misfeazance of Keith in office; a mere tort, the action for which dies with the person. It is similar, in this respect, to the case of an escape of a person in execution, by negligence of a *432 sheriff or jailor, which makes him personally responsible lor the amount of the debt; but he was answerable at the common law, not as a debtor, but as a tortfeasor; and the action died with the person, upon the maxim actio personalis moritur cum persona. 11 Vin. Abr. 244, 5. Executors. H. a. pl. 1.
Is the case, as stated in the bill, within either that branch of the statute which gives relief against absent debtors, or that which gives against other absent defendants, relief similar to that which is given against absent debtors ? The court thinks it comes within neither. Not within the first: for, although the term debtor should, in the construction of this statute, be taken in its largest sense, as embracing every person against whom another has a claim for breach of contract, even where the compensation sounds in damages,* yet Keith cannot be embraced by it, since his case is that of a mere tortfeasor. If he had given an official bond, that would have varied the case. But it does not appear that he gave any. Nor can it come within that branch of the statute; which authorises the same proceedings against other absent defendants, that are allowed against absent debtors. This part of the statute was not intended to extend the jurisdiction of equity to subjects over which it had not jurisdiction before ; but, to enable the court of chancery to exercise over persons abroad a jurisdiction to which they would, if they were here, be jointly amesnable with the home defendants, in cases in their nature proper for the jurisdiction of equity, such as partners, legatees, joint contractors, &c. Nobody would contend, that Keith, if in Virginia, would be liable to be sued in equity, on the case stated in the bill, either separately, or jointly with the other defendants. And the same remark applies to the representatives of the sheriff.
On this ground, the decree is affirmed.

 See Peter v. Butler, ante. p. 285.