WADSWORTH & CO. v. GERHARD ET AL.

1. **Statute of Limitations:** ACTION ON OFFICIAL BOND: SURETIES.
   An action against a public officer or his sureties for a breach of his bond
   is barred in three years from the time of such breach, and the fact that
   within that time a judgment is obtained against the officer will not
   remove the bar of the statute in an action afterward brought against the
   sureties.

*Appeal from Clinton Circuit Court.*

FRIDAY, DECEMBER 17.

IT is averred in the petition that in the year 1873 J. H.
Walliker was elected sheriff of Clinton county, and that on
the 18th day of December, 1873, he duly qualified, and exe-
cuted unto said county his official bond, with the defendants
as his sureties; that about the 18th of December, 1874, the
plaintiffs herein commenced an action by attachment against
one Parkinson, and the writ of attachment was duly issued
and delivered to said Walliker, who levied the same upon
certain property of the defendant in said attachment suit;

that said sheriff wrongfully released said property, and allowed the same to be returned to the defendant in said suit, and thereby committed a breach of his bond as such sheriff; that on the 13th of March, 1875, plaintiffs commenced their suit against said Walliker as such sheriff on said official bond to recover for said wrongful act and neglect of duty; that said suit was prosecuted to final judgment, and it was found that the plaintiffs were entitled to recover of said Walliker the sum of $534, including damages and costs.

This action was commenced on the 24th day of January, 1880, in which it is sought to recover of the defendants as sureties in said bond the amount of the judgment against said Walliker. There was a demurrer to the petition, upon the ground that the action was not brought within three years from the alleged breach of the bond, and that it was, therefore, barred by the statute of limitations. The demurrer was sustained. The plaintiffs excepted, and elected to stand upon the allegations of their petition, and judgment was rendered against them for costs. Plaintiffs appeal.

*Martin, Murphy & Lynch,* for appellants.

*Aylett R. Cotton* and *J. H. Walliker,* for appellees.

ROTHROCK, J.—By section 2529 of the Code, actions "against a sheriff or other public officer growing out of a liability incurred by the doing of an act in an official capacity, or by the omission of an official duty," must be brought within three years, and not afterward. It is conceded by counsel for appellant that, if no action had been brought against the sheriff within the time prescribed by this statute, none could now be maintained against him nor his sureties. But it is urged that as the action against the sheriff was commenced within the prescribed time, and the wrong complained of investigated, and judgment rendered against him therefor, and his sureties

1. STATUTE of limitations; action on official bond: sureties.

being thereby estopped from re-investigating said wrongs, they cannot avail themselves of the statute of limitations.

We think the premises of the foregoing propositions are not altogether correct. The sureties are not absolutely estopped from re-litigating the alleged wrongful act of the sheriff. Indeed counsel concede that a judgment against the principal in the bond is only *prima facie* evidence against the sureties. This is undoubtedly the correct rule. *Charles v. Hoskins*, 14 Iowa, 471. It is also true that the sureties can make no defense that could not have been made by the principal. *Boone County v. Jones*, 54 Iowa, 699. The measure of his responsibility is the measure of theirs. *Patterson's Appeal*, 48 Pa. St., 245.

Now, if the judgment against the principal is but *prima facie* evidence against the sureties, it is competent for the sureties to at least rebut such *prima facie* showing by evidence of fraud or collusion in obtaining the judgment, mistake in the amount, or that it has been paid, or the like. If this may be done, it seems to us the bar of the statute may be interposed by the sureties. The formal obligation on the bond is joint and several, but whether joint, or joint and several, the plaintiffs might have brought their action against any or all of the parties thereto, whether principal or sureties. If an action had been brought against the sureties, and judgment recovered, and an action had afterward been brought against the principal, there can be no doubt the latter could have availed himself of the limitation provided by statute. If so, it is difficult to see why the sureties may not avail themselves of the same defense. Their obligation is not that they will pay any judgment which may be recovered against their principal. The cause of action against them accrued by reason of their principal's dereliction of duty, and at the time of such dereliction, and not by reason of the judgment against their principal. As to them, as well as to the principal, the statute commenced to run when the cause of action accrued, and we cannot see how the judgment against the principal

could arrest its operation, unless the judgment should be held to be conclusive evidence of the sureties' liability. That it cannot be so held there can be no question.

AFFIRMED.

1. **Contract: BREACH OF: MEASURE OF DAMAGES.** Where the defendants contracted to purchase for the plaintiff, on his specifications, all the material required for use in operating his factory, but failed to do so, it was held that the estimated net profits of the operation of the factory during the time it was idle in consequence were proper elements of damage to be considered in an action for the breach of the contract.

*Appeal from Clayton District Court.*

FRIDAY, DECEMBER 17.

THE plaintiff and the defendants entered into a written contract, of which the following is a copy:

