J. F. SHACKELFORD AND WIFE v. H. L. STATON.

*Action of Tort—Superior Court Clerk—Failure to Index Judgment — Statute of Limitation — When Right of Action Accrues.*

1. In an action of tort against a clerk of the Superior Court for failing to index a docketed judgment as required by section 433 of *The Code*, section 155 (2) of *The Code* prescribing three years as the time within which an action must be brought on a liability created by statute, other than a penalty or forfeiture, unless some other time be mentioned in the statute creating it, is applicable.

2. If for such neglect, action had been brought against the clerk on his official bond, section 154 (1) of *The Code* (the six year statute) would apply.

3. The statute of limitation begins to run against a cause of action given by section 433 of *The Code*, in favor of a judgment-creditor against a clerk of the Superior Court for failure to properly index the judgment, at any time after such failure and during the term of office of the clerk. (*Hughes* v. *Newsome*, 86 N. C., 424, distinguished.)

CIVIL ACTION, against the defendant, former clerk of the Superior Court of EDGECOMBE County, for damages resulting from his failure to properly index a judgment, tried before *McIver, J.*, at April Term, 1895, of EDGECOMBE Superior Court. His Honor being of opinion that, upon the facts as alleged in complaint, the action was barred by the statute of limitation, gave judgment accordingly and plaintiff appealed. The facts are fully stated in the opinion of Associate Justice MONTGOMERY.

*Mr. John L. Bridgers*, for plaintiffs (appellants).
*Mr. H. G. Connor*, for defendant.

MONTGOMERY, J.: It appears from the complaint that the plaintiff, Kate S. Shackelford, then a *feme sole*, on the 13th

of April, 1885, at the Spring Term of EDGECOMBE Superior Court, recovered a judgment for $536.89 against S. F. and B. P. Jenkins and John Killebrew; that the defendant in this action was Clerk of the Superior Court at the time of the rendition of the judgment and continued in the office until December, 1886, when his term expired; that the defendant docketed the judgment within the time prescribed by law, but failed to cross-index the same under the name of John Killebrew, one of the defendants in the judgment, as he should have done under section 433 of *The Code*; that Killebrew was the owner of real estate more than sufficient in value to have discharged the judgment, after the allotment to him of his homestead, at the time when the judgment was docketed, and continued to own it until it was sold for the benefit of other creditors than the judgment creditor on the 1st of September, 1890, under a deed of trust executed by him to the trustee on the 25th of February, 1889; and that after this sale Killebrew became entirely insolvent and has continued so; that the other judgment debtors were insolvent when the judgment was rendered and have remained so, that by failure of the defendant to properly index the said judgment and the subsequent conveyance by deed of trust by Killebrew and sale under the trust, the plaintiff lost the amount of her judgment.   The complaint does not set forth the date of the marriage of the plaintiff. The defendant in his answer admits the date and the amount of the judgment and his failure to index it as required by law, and he admits the ignorance of the plaintiff as to his failure, the expiration of his term of office in December, 1886, the date of the execution of the deed of trust by Killebrew, and the sale of Killebrew's land under the trust.   The defendant then pleads the statute of limitations.   The summons shows that the action was commenced on the 3rd of April, 1893.

SHACKELFORD v. STATON.

Upon these facts alleged and admitted, the court below, upon the pleadings, was of the opinion that the action was barred by the statute of limitations, and gave judgment against the plaintiff. It is insisted for the plaintiff in this Court that the statute of limitations did not begin to run until some consequential damage had occurred to the plaintiff's rights. If this proposition should be held to be correct, we see no reason why the time at which this consequential damage occurred should not be fixed when the deed of trust was made, as well as when the land was sold under the deed. The execution of the deed of trust itself was injurious in many ways to the property rights of the plaintiff, and if that act should be fixed as the time at which the statute should begin to run, then this action is barred, as will hereafter appear. It is also contended for the plaintiff that section 155 (2) of *The Code*, the three years' statute—"An action upon a liability created by statute other than a penalty of forfeiture, unless some other time be mentioned in the statute creating it"—does not apply to the facts of this case, but that section 158 (10 years) does. We are of the opinion that section 155 (2) is the statute applicable to the facts in this case, for this action is founded upon a liability created by statute (Section 433 of *The Code*) and there is no other time mentioned in this statute fixing a bar to a cause of action accruing under it. We are of the opinion further that the liability of the defendant was a continuous one, beginning from the day on which he failed to properly index the judgment (it was docketed within the time required by law), and continuing until he ceased to be clerk of the court in December, 1886 ; and that therefore the plaintiff could have brought her action on any day in the intervening time, or within three years after he ceased to be clerk, and not later. This case is distinguishable from that of *Hughes* v. *Newsome*, 86 N.

C., 424.    There, the defendant Sheriff, on an order directed
to him by the clerk, in a suit for the recovery of personal
property (horses), to take the property from the defendant
and deliver it to the plaintiff, seized the property but
returned the same to the defendant, upon the defendant's
giving him an undertaking, which was not only not accord-
ing to the requirements of the statute in such cases but
was absolutely void.    There the Court held that this
default of the sheriff was absolute and complete; that there
was nothing else to be done by the sheriff; that the right
of the plaintiff to bring his suit against him at once accrued,
and that the plaintiff could recover full damage if he
should make out his case.    In the case before us it was the
duty of the defendant clerk, every day during his continu-
ance in office while the judgment was a lien, to have had
it properly docketed and indexed.    It is to be observed
that this action is in the nature of tort, and is prosecuted
against the clerk alone.    If it had been brought on the offi-
cial bond of the defendant, Section 154 (1) of *The Code*,
the six year statute, would apply.    There is no error.

No Error.