# Commonwealth to Use, Appellant, *v.* Donnelly.

*Public officers—Bonds—Recorder of deeds—Negligent indexing of mortgage—Statute of limitations—Act of April 4, 1798, 3 Sm. L. 331, sec. 4.*

Sec. 4 of the Act of April 4, 1798, 3 Sm. L. 331, which provides that "it shall not be lawful for any person or persons whomsoever, to commence and maintain any suit or suits on any bonds or recognizances, which shall hereafter be given or entered into by any person or persons, as sureties for any public officers, from and after the expiration of the term of seven years, to be computed from the time at which the cause

of action shall have accrued," is a bar to an action brought against a surety on the official bond of a recorder, who during his term of office failed to properly index a mortgage; where said action is brought by a subsequent mortgagee more than twelve years after the term of the recorder had ended and more than fourteen years after the negligent act, but within seven years after the taking and recording of the second mortgage.

Argued April 20, 1908.   Appeal, No. 131, April T., 1908, by plaintiffs, from judgment of C. P. Westmoreland Co., May T., 1906, No. 552, on verdict for defendants in case of Commonwealth to use of Lucinda Thompson and Anna B. Thompson, executrix of the estate of Lewis Thompson, deceased, *v.* Joseph A. Donnelly and Margaret Conway, executors of Henry G. Donnelly, deceased.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit on a bond.   Before DOTY, P. J.
At the trial the jury returned a verdict for defendants.

On a rule for a new trial, and for judgment for plaintiff non obstante veredicto, DOTY, P. J., filed the following opinion:

The defendants are executors of Henry G. Donnelly, deceased, who was one of the sureties on the official bond of W. B. Conway, recorder of deeds of this county for three years from the first Monday of January, 1891.   During his term as recorder, a mortgage given by William F. Uebing was presented for record and was duly recorded October 5, 1891.   But by mistake the same was indexed in the name of William F. Nebing.   Eight years after Conway's term had expired, to wit: on April 4, 1902, another mortgage given by William F. Uebing on the same property covered by the former mortgage was placed on record.   Before any money was advanced on what may be called the second mortgage, a careful search was made of the record without discovery of the first mortgage, which was improperly indexed.   After due proceedings on the first mortgage, the property was sold by the sheriff and the sum of $945.57 was appropriated to the first mortgage on

record and nothing to the one held by the use plaintiffs. Suit was brought April 11, 1906, to recover the sum of $945.57, with interest from February 24, 1906, the date of the confirmation absolute of the sheriff's distribution. The action was, therefore, brought more than twelve years after the term of the recorder had ended and more than fourteen years after the negligent act which caused the loss.

The only defense is the statute of limitations. If this be no bar it is conceded that plaintiff is entitled to judgment in the sum of $945.57, with interest from February 25, 1906.

The defendant relies on sec. 4 of the Act of April 4, 1798, 3 Sm. L. 331, which provides that no suit shall be brought against the sureties of any public officer after seven years, "to be computed from the time at which the cause of action shall have accrued." The plaintiff contends that the cause of action did not accrue at least until the second mortgage was placed on record on April 4, 1902, and that, therefore, the action is not barred.

The mistake in the indexing occasioned the ultimate loss. It is not pretended that there was fraud or concealment. The whole question is whether the action accrued at the time the act of negligence was committed, or when a party prejudiced by such negligence was in a position to bring suit. The exact question has not been decided. No case precisely alike in facts has been discovered. In analogous cases, however, the principle which controls is readily ascertained.

It seems to be well settled that the statute bars an action of tort six years after the wrong done. Thus in Owen v. Western Saving Fund, 97 Pa. 47, which was an action against a recorder for a false certificate, it was held that the statute began to run from the time the certificate was given and not from the development of damage.

Suit was brought against directors for an illegal resolution, but in Link v. McLeod, 194 Pa. 566, it was held that the statute ran from the time the resolution was passed and not from time the money was paid. And in both cases last cited, it was recognized that ignorance of the transaction did not toll the statute. The principle is therefore settled that to an

action brought for injuries resulting from an act done more than six years before, through mere mistake not involving fraud, the statute of limitations is a complete bar. See also Noonan v. Pardee, 200 Pa. 474; Guarantee Trust, etc., Co. v. Nat. Bank, 202 Pa. 94.

An apparent exception to the rule is found in Lewey v. Coke Co., 166 Pa. 536, wherein an action after six years from the wrong done is sustained. The decision, however, was by a divided court and it was put on the express ground that the concealment of the wrong was a fraud. But the case has no application here, as fraud is not alleged.

It is contended furthermore that the line of cases does not control because they all arise under the act of March 27, 1713, and not under the act of 1798 which is relied on by the defense. But such contention is not well founded. The acts are substantially the same. Under the act of 1713 no action of case can be brought after six years from the "cause of such action." While under the act of 1798, the same thing is expressed thus: "That no suit shall be brought after seven years from the time at which the cause of action shall have accrued." Whether the limitation be from the cause of such action or from the time the cause of action shall accrue gives rise to no distinction. The expressions mean the same thing, as uniformly, under the act of 1713, it has been held that the statute begins to run upon the time the right of action accrues: Overton v. Tracey, 14 S. & R. 311; Evans v. See, 23 Pa. 88.

An action of case against the recorder himself would likely be defeated by application of the principle declared in Owen v. Saving Fund, 97 Pa. 47. If it has no application in a suit against the sureties, the whole purpose of the act of 1798, as set forth in the preamble, would be defeated, and sureties on official bonds would be liable to suit many years after the term of their principal had ended.

Defendants' further reliance is on a line of cases of which Marsteller v. Marsteller, 93 Pa. 350, is the leading example. The case holds that if a cause of action accrue in the lifetime of a decedent the statute is not interrupted by the death, but

if the action does not accrue until after the death, the statute begins to run only from the time of administration. It is plain that this principle is not in conflict with that declared in Link v. McLeod, 194 Pa. 566.

Binney v. Brown, 116 Pa. 169, in its facts is a case much like the one in hand. Binney by mistake wrongfully entered satisfaction on the margin of a mortgage. Brown bought the property relying on a certificate from the recorder that he found no unsatisfied mortgages. The mistake was not discovered for fourteen years. The Supreme Court on appeal dismissed the case with the observation that plaintiff's only remedy was an action on the case, a remedy long since barred by the statute of limitations.·

And now, June 15, 1907, new trial refused and judgment on the verdict.

*Error assigned* was in entering judgment on the verdict.

*C. B. Hollingsworth*, with him *H. E. Marker*, for appellant.

*V. E. Williams*, with him *John S. Lightcap* and *Eugene Warden*, for appellees.

Per Curiam, July 15, 1908:

The question involved in this case is whether sec. 4 of the Act of April 4, 1798, 3 Sm. L. 331, which provides that "it shall not be lawful for any person or persons whomsoever, to commence and maintain any suit or suits on any bonds or recognizances, which shall hereafter be given or entered into by any person or persons, as sureties for any public officers, from and after the expiration of the term of seven years, to be computed from the time at which the cause of action shall have accrued," is a bar to an action brought against a surety on the official bond of a recorder, who during his term of office failed to properly index a mortgage; where said action is brought by a subsequent mortgagee more than twelve years after the term of the recorder had ended and more than fourteen years after the negligent act, but within seven years after

the taking and recording of the second mortgage. A very plausible argument, accompanied by an excellent brief of cases, is made by the appellants' counsel in favor of the proposition that, as a right of action did not accrue to the second mortgagee until he suffered injury by the negligent act of the recorder the statute did not begin to run until that date. The precise question does not appear to have been authoritatively decided in this state, and it must be conceded that it is not entirely free from difficulty, but we are of opinion that having regard to the declared purpose of the act, as set forth in the preamble, the learned judge below was right in his conclusion that the action was barred. This conclusion is well sustained by the reasoning of his opinion overruling the plaintiff's motion for judgment non obstante veredicto, to which we refer for a full discussion of the question.

The judgment is affirmed.