LEO A. BAIE, Appellant, v. ROSE VIVIAN ROOK, Appellee.

No. 43891.

JUNE 15, 1937.

F. E. Northup, for appellant.

Boardman & Cartwright, for appellee.

HAMILTON, J.—More than three years elapsed from the date of the omission or negligent act of the recorder in failing to properly index the chattel mortgage, and the commencement of this action. Code section 11007 provides:

"Actions may be brought within the times herein limited, respectively, after their causes accrue, and not afterwards * * *

"4. Against sheriff or other public officer. Those against a sheriff or other public officer, growing out of a liability incurred by the doing of an act in an official capacity or by the omission of an official duty, * * * within three years."

It is conceded that this statute governs this case. The dis-

pute between the parties is over the question as to when the cause of action accrued, the appellant contending that the cause of action did not accrue until the injury or damage was sustained, and that this did not occur until the mortgagee was deprived of his security by a second mortgagee holding a mortgage on the same property, executed subsequent to the plaintiff's mortgage, the second mortgage holder claiming that he took the same without actual notice of the first mortgage, and that the faulty indexing of the first chattel mortgage furnished no constructive notice of its existence. (The court in another action held the second mortgage superior.) The present action was commenced within three years from the time the plaintiff was deprived of his security, and under appellant's theory of the case, was brought within this three-year period of the statute of limitations. The trial court held against the appellant and nonsuited him, the court's decision being based upon the sole proposition that the action was barred by the statute of limitations. We are inclined to agree with the trial court. The decisions of the courts generally upon this subject are not uniform, but we are convinced after a careful investigation of the authorities cited in the briefs and a thorough investigation of the legal question involved that the weight of authority, while not always clear and consistent, sustains the ruling of the trial court.

Speaking of the statute of limitations as applied to actions sounding in tort generally, in the case of Ogg v. Robb, 181 Iowa 145, at page 155, 162 N. W. 217, 220, L. R. A. 1918C, 981, this court quoted with approval the doctrine announced in 25 Cyc. 1135, as follows:

"The test to determine when the statute of limitations begins to run against an action sounding in tort is whether the act causing the damage does or does not of itself constitute a legal injury, that is, an injury giving rise to a cause of action because it is an invasion of some right of plaintiff. If the act is of itself not unlawful in this sense, and plaintiff sues to recover damages subsequently accruing from and consequent upon the act, the cause of action accrues, and the statute begins to run when and only when the damages are sustained; * * * But if the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed,

be the actual damage however slight, and the statute will operate to bar a recovery not only for the present damages, but for damages developing subsequently and not ascertainable at the time of the wrong done; for in such a case the subsequent increase in the damages resulting gives no new cause of action. Nor does plaintiff's ignorance of the tort or injury, at least if there is no fraudulent concealment by defendant, postpone the running of the statute until the tort or injury is discovered. Where the doing of an act is attended immediately by resulting actual damage, the statute begins to run at once."

In the case of Wadsworth & Co. v. Gerhard, 55 Iowa 367, 7 N. W. 637, this court held that the cause of action against the sheriff for wrongfully releasing property which had been lawfully attached accrued at the time of the commission of the wrongful act, and that the statute of limitations commenced to run when the cause of action accrued and would be barred both as to the sheriff and his bondsman unless commenced within the statutory period of three years. To the same effect, see State v. Dyer, 17 Iowa 223, 226, opinion by Chief Justice Wright. In this case the court said:

" * * * the gist of the action is not the bond, but the failure of the officer to discharge an official duty, and that it is the cause rather than the form of the action upon which the limitation acts."

This case cites with approval the Ohio court. See, also, Keokuk County v. Howard, 41 Iowa 11, 12, wherein this court said:

"It will be observed that our statute does not operate to bar certain actions or forms of actions, but prescribes the periods of limitation with reference to the cause of action. It bars all actions brought after the expiration of the prescribed periods to recover upon the *cause of action* specified. In order to determine the question of limitation, inquiry is not made as to the character, or form of action, but as to the cause upon which it is founded, the liability of the defendant. This determines the period of limitation."

In the case of Polk County v. Roe, 164 Iowa 302, 145 N. W. 868, where a justice of the peace failed to make statutory report

of fees collected, this court held that the cause of action accrued forthwith upon failure to make the report at the time specified in the statute.

The case of Steel & Johnson v. Bryant, 49 Iowa 116, cited and relied upon by the appellant, was an action against the clerk of the district court, based upon an alleged negligent act of the clerk in accepting and approving a stay bond, whereby the judgment creditor sustained a loss, and presents a different situation from the case at bar, and the court held that the damages in that case were consequential and depended on the happening of certain things in the future. While there may be some discussion which is apparently out of line with the position taken by the trial court in the instant case, the Bryant case really turned on this proposition: No right of action against the surety existed until the expiration of one year. And the court was of the opinion that because of this fact no cause of action accrued against the clerk for negligently accepting the bond until that time. In other words, the time when the action accrued on the bond was held to be the time when it accrued for the negligent act of the clerk. We think the case is distinguishable in its facts and on principle from the case at bar.

One of the leading cases which is often cited is McKay v. Coolidge, 218 Mass. 65, 105 N. E. 455, 456, 52 L. R. A. (N. S.) 701, Ann. Cas. 1916A, 883. That was a case brought against the clerk of the court for his failure to properly perform his official duties and which constituted an infraction of the plaintiff's rights. The court said:

"The cause of action set forth in the plaintiff's bill is a tort. The misconduct of a clerk of a court in failing to perform his duties in the respects averred constitutes misfeasance or nonfeasance in office. United States v. Daniel, 6 How. 11, 12 L. Ed. 323; Dunlop v. Keith, 1 Leigh (Va.) 430, 19 Am. Dec. 755. The alleged negligent conduct occurred in 1898 and 1899. That conduct, as alleged, was definite in its effect on the plaintiff in that it was a failure to enter a judgment in his favor when it ought to have been entered, and an omission to make a correct court record, and an oversight in not advising the presiding judge of the facts touching a particular case. These wrongful acts were patent at the time they were done. They were not committed in secret, nor were they concealed. They then constituted an

infraction of the plaintiff's rights. He was entitled at that time to have his judgment properly entered and not to have his action dismissed for want of prosecution, which was in substance an adjudication against his claim. If he seasonably had availed himself of the ample remedies provided by law in his behalf, his rights might have been restored. Karrick v. Wetmore, 210 Mass. 578, 97 N. E. 92. But his failure to avail himself of these remedies does not postpone the accrual of his right of action against the clerk. The misconduct of the clerk remained the initial wrong. That violation of his rights was personal to the plaintiff. It was of such nature that the law implied a damage, even though in fact only nominal, for which an action might have been brought at once. The duty which the clerk is alleged to have violated was one directly and instantly affecting the rights of the plaintiff. That his ultimate financial loss was not immediately ascertained, or did not occur until later, is an immaterial circumstance. It long has been the law that the nonfeasance or misfeasance of a public officer *constitutes the cause of action,* and not the resulting damage. * * * The great weight of authority in other jurisdictions supports the conclusion that the breach of duty of a public officer which directly affects the rights of a private individual *gives rise at once* to a right of action even though the entire extent of the injury may not be discovered until later. Snedicor v. Davis, 17 Ala. 472; Shackelford v. Staton, 117 N. C. 73, 23 S. E. 101; Betts v. Norris, 21 Me. 314, 38 Am. Dec. 264; Hall v. Tomlinson, 5 Vt. 228; Lambert v. McKenzie, 135 Cal. 100, 67 Pac. 6; Rosborough v. Albright, 4 Rich. (S. C.) 39; Owen v. Western Sav. Fund, 97 Pa. 47, 39 Am. Rep. 794; State ex rel. Daniel v. Grizzard, 117 N. C. 105, 23 S. E. 93; Kerns v. Schoonmaker, 4 Ohio 331, 22 Am. Dec. 757; Utica Bank v. Childs, 6 Cow. (N. Y.) 238; Bartlett v. Bullene, 23 Kan. 606; Jones v. Bain, 12 U. C. Q. B. 550; Lightner Min. Co. v. Lane, 161 Cal. [689] 696, 120 Pac. 771, Ann. Cas. 1913C, 1093.'' (Italics ours.)

In an extended note in 52 L. R. A. (N. S.) page 711, the author states:

''Most of the cases against recording officers for breaches of duty place the beginning of the running of the statute at the time of the breach of duty. State ex rel. Graham v. Walters, 31 Ind. App. 77, 99 Am. St. Rep. 244, 66 N. E. 182 (omitting

part of the description in a mortgage) ; Shackelford v. Staton, 117 N. C. 73, 23 S. E. 101 (clerk failing to index judgment) ; State ex rel. Daniel v. Grizzard, 117 N. C. 105, 23 S. E. 93 (failure to index mortgage) ; Com. use of Thompson v. Donnelly, 36 Pa. Super. Ct. 619 (the same) ; Owen v. Western Sav. Fund, 97 Pa. 47, 39 Am. Rep. 794 (substantially; see infra).''

In the Indiana case, State ex rel. Graham v. Walters, supra, the recorder in recording the mortgage failed to copy correctly the description of the land. Later the same land was further mortgaged and this second mortgage duly recorded. In a foreclosure suit brought by the first mortgagee against the mortagor and in which the second mortgagee was made a party, the court decreed that the second mortgage was a prior lien on the land mortgaged, and thereby the first mortgagee lost her security for her loan. Hence the case is on all fours with the case at bar. The court in the Indiana case said:

''The controlling question is whether or not the action was barred by the statute of limitations, and the determination of this matter depends upon the solution of the question as to when the cause of action accrued on the recorder's official bond for the breach alleged; that is, when could the recorder first have been sued for the official error charged? Our statute (Sec. 294, Burns' Rev. Stats. 1901) provides: 'All actions against a sheriff, or other public officer, or against such officer and his sureties on a public bond, growing out of a liability incurred by doing an act in an official capacity, or by the omission of an official duty,' shall be commenced within five years after the cause of action has accrued, and not afterward. It was the statutory duty of the county recorder to record the mortgage for the relatrix in its order; and if not recorded in forty-five days from the execution thereof, the mortgage was liable to be defeated in favor of any subsequent purchaser, lessee, or mortgagee in good faith and for a valuable consideration: Burns' Rev. Stats. 1901, secs. 3350, 8007; United States Sav., etc. Co. v. Harris, 142 Ind. 226, 237, 40 N. E. 1072, 41 N. E. 451.

''The misdescription of the land in the record of the mortgage rendered the recording worthless from the first. The debtor continued personally liable, and this liability became of no avail to the relatrix,—not through the error of the recorder, but by reason of the debtor's insolvency. The security of the

land continued available, notwithstanding the fault in the recording, until the execution of the second mortgage, which, because of the recorder's mistake, was a superior lien, and finally exhausted the security. The damage consisting of the loss of the security was a direct result of the incorrect copying of the description of the mortgaged land in recording the mortgage. If that damage had accrued and action therefor had been commenced within the period of the statute after the recording of the mortgage, there can be no doubt that damages for the loss thereby sustained might have been recovered.

"The right of the relatrix to have the recording of her mortgage done correctly, so that the record would constitute constructive notice of all her rights as mortgagee, was as absolute as the right to have the mortgage recorded. As between her and the recorder, she was under no obligation to inspect the record of her mortgage to see that it was safely correct. By presenting a mortgage in due form, proper for recording, and paying the recorder's fee, she did all that was incumbent upon her to impose the duty upon the recorder. When the mortgage was recorded so incorrectly that the record was worthless as notice, there was at once a violation of official duty on the part of the recorder, and the relatrix was at once thereby deprived of a material and valuable right. She then had a cause of action against the recorder. If she had discovered the error before any subsequent conveyance or encumbrance, and the original mortgage were then still in existence and in her possession, she might have had it recorded again, at the expense of the fee therefor, or, if in such case the original mortgage were lost, she perhaps might have procured a correction of the record; but in the meantime (at least, after the expiration of forty-five days from the execution of her mortgage) she would have been in the condition of a mortgagee whose mortgage, not being recorded, is liable to be cut off by intervening circumstances beyond her control. It might be difficult, in an action against the recorder, brought before the accruing of any rights of others in the land, to say what considerations, other than the loss of the fee for recording, should enter into the assessment of the amount of the damages; but it must, we think, be said that a right having been violated, and she having suffered an individual wrong, some damage must be presumed, whether susceptible of proof or not: See Cooley on Torts [2d Ed.], 383.

"It cannot be doubted, it would seem, that a cause of action involving the essential elements of an actionable tort arose in favor of the relatrix against the recorder immediately upon the commission of the wrong of recording her mortgage incorrectly; the amount of the damage being determinable by a jury, under instructions. Such an action would not be like an action for a continuing nuisance, for which damages may be recovered from time to time as they have accrued; but it would be one in which all damages, past and future, so far as ascertainable would be recoverable.

"The case before us is not governed by the principles of those wherein some act has been done, which, not being wrongful at the time, or not being wrongful then as to the plaintiff, furnishes an element of an action only after specific damage has resulted therefrom, and the right of action does not accrue until the special damage complained of has accrued. There, the damage being the gist of the action, the time runs only from the actual happening of the damage. Here, however, there was both wrong and injury as soon as the error had been committed. The mistake in the recording was not, as to the mortgagee, something which might rightfully be done, and which could not be regarded as a thing amiss until some damage should actually accrue therefrom; but it was in itself a thing amiss. Where damage has so accrued, further consequential damage will not give rise to a fresh cause of action. We are constrained to hold with the court below that the statute of limitations barred the action."

See, also, as somewhat analogous, Stockholders Investment Co. v. Town of Brooklyn, 216 Iowa 693, 246 N. W. 826, 831.

We are constrained to hold that the cause of action in the instant case accrued at the time of the breach of official duty in failing to properly index the chattel mortgage, and that the trial court was right in holding that the action was barred by the statute of limitations. Other matters are presented by the briefs which in view of the disposition made of the case do not require consideration.—Affirmed.

RICHARDS, C. J., and SAGER, PARSONS, DONEGAN, ANDERSON, and MITCHELL, JJ., concur.