**AETNA CASUALTY AND SURETY COMPANY, Appellee,**

**v.**

**JEWETT LUMBER COMPANY, Appellant.**

**No. 55657.**

Supreme Court of Iowa.

July 3, 1973.

Ronald A. Riley of Hansen, Wheatcraft & McClintock, Des Moines, for appellant.

Thomas A. Finley of Duncan, Jones, Riley & Finley, Des Moines, for appellee.

Heard before MOORE, C. J., and MASON, REES, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

The question is whether an insurance policy covered a forklift vehicle. The trial court determined there was coverage and we agree.

State Equipment and Engine Corp. (insured) was insured under a comprehensive liability insurance policy issued by plaintiff. During the life of the policy the insured owned a forklift vehicle which it leased to defendant. While in defendant's possession it was destroyed by fire. Plaintiff paid the insured for the loss and thereafter as subrogee brought this action to recoup. Defendant resisted on the claim the forklift was not covered by the policy so the payment of the loss was voluntary. It is agreed that, unless plaintiff was legally

obligated, its payment to its insured created no right of subrogation. The right of subrogation is of course necessary for plaintiff's standing to bring this action. The trial court determined the forklift was a "covered vehicle" under the policy, authorizing plaintiff to proceed as subrogee. From this ruling defendant appeals.

I. The forklift was acquired by the insured after the policy was issued but is claimed to be covered under a fleet automatic provision which extends coverage to any vehicles thereafter acquired by insured during the term of the policy. The policy provided the company would pay fire losses for any "covered vehicle." The controlling question then becomes whether the forklift vehicle is included within the definition of a "covered vehicle."

The arguments for and against coverage proceed from somewhat differing definitions which are separately given in the policy. Defendant, arguing against coverage, relies on its interpretation of a provision in the general definitions section of the policy. There an automobile is defined as "a land motor vehicle, trailer or semi-trailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include mobile equipment." In the same section mobile equipment is defined as "a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, (1) not subject to motor vehicle registration, or (2) maintained for use exclusively on premises owned by or rented to the named insured, including the ways immediately adjoining, or (3) designed for use principally off public roads, or (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes, shovels, loaders, diggers and drills; concrete mixers (other than the mix-in-transit type); graders, scrapers, rollers and other road construction or repair equipment; air-compressors, pumps and generators, including spraying, welding and building cleaning equipment; and geophysical exploration and well servicing equipment; * * *." Plaintiff's claim manager conceded that a forklift would probably fall within the category of mobile equipment.

■ Plaintiff, arguing the forklift was covered, cites a definition of "covered automobiles" listed among the "Additional Definitions" in the automobile physical damages portion of the policy. A covered automobile is described as a "land motor vehicle, trailer or semi-trailer, including its equipment and other equipment permanently attached thereto (but not including robes, wearing apparel or personal effects) * * *." The trial court agreed with the plaintiff, finding the forklift to be a land motor vehicle within the definition cited by plaintiff. We agree.

Governing legal principles are not seriously disputed. They were summarized in Central Bearings Co. v. Wolverine Ins. Co., 179 N.W.2d 443, 445 (Iowa 1970) as follows:

"The rules of construction of insurance policies are well established. The insurance policy is a contract which must be construed as a whole. The words used must be given their ordinary, not technical, meaning to achieve a practical and fair interpretation. (Authority).

"If the words are fairly susceptible to two interpretations the one which will sustain the insured's claim will be accepted. Thus the policy will be strictly construed against the insurer. (Authority). This rule is amplified by the statement that the court should ascertain what an insured as a reasonable person would understand the policy to mean, not what the insurer actually intended. (Authority).

"Stated otherwise, the climate under which an insurance policy is examined favors imposition of coverage largely because the carrier drew the contract and has the expertise in the field. * * *."

Defendant is not justified in insisting there was no coverage because the forklift might be excluded under the one definition. The definition later appearing is much broader, it is not restricted to vehicles designed for travel on public roads, and does not have mobile equipment excluded. The various definitions for "designated automobile," "private passenger automobile," "highway vehicle," "hired automobile," "non-owned automobile," "owned automobile," and "covered automobile," appearing in the policy are terms of art adopted for specific purposes. The one appearing for covered automobile is the one applicable to the situation at bar. The controlling definition relied upon by plaintiff employs the term "covered automobile" not "automobile." We believe the terms to be deliberately alternative. The general definition of "automobile" does not apply

Additional reasons can be cited in support of the trial court's view. Various forklifts are listed in the description of hazards in the policy, so it appears both the insured and the insurer intended some forklifts to be insured. A distinction is drawn between "owned automobiles" (liability) and "covered automobiles" (physical damage) in the description of hazards. The two terms are not synonymous and obviously are not intended to be interchangeable.

The trial court did not err in holding plaintiff bound under its policy to pay its insured for loss of the forklift by fire.

II. Defendant argues plaintiff was without obligation to pay its insured for what it considers an alternative reason. It argues "* * * the forklift was not owned by nor leased to the insured on the effective date of the policy nor did the insured notify the plaintiff within the prescribed period after it was acquired, all as required by the terms of the policy."

To whatever extent this theory differs from the one discussed in division I it does not appear to have been raised below. No testimony on notification was offered by either party. This theory was not suggested in the pleadings. On appeal a case is determined on the same theory as that upon which the matter was presented to, and determined by, the trial court. We do not give consideration on appeal to a theory or issue not initially raised. Pocahontas Co. v. Carlson, 243 Iowa 1178, 54 N.W.2d 512; Smith v. Newell, 254 Iowa 496, 117 N.W.2d 883.

Affirmed.