Helen Russell PIERCE, Executrix of the Last Will and Testament of George Washington Pierce, Deceased,

v.

MACKAY RADIO AND TELEGRAPH COMPANY, Inc.

Civ. A. No. 54–261.

United States District Court
D. Massachusetts.

April 11, 1957.

David Rines, Robert H. Rines, Rines & Rines, Boston, Mass., for plaintiff.

Robert L. Thompson, Dike, Thompson & Sanborn, Boston, Mass., Edward D. Phinney, Paul Kolisch, New York City, for defendant.

FORD, District Judge.

This is one of a number of infringement actions based on patents issued to George Washington Pierce for the use of piezo-electric crystals for the control of electric oscillations in radio transmitters and receivers. The present action was brought on April 2, 1954, following the decision in the earliest of these cases, Pierce v. American Communications Co., Inc., D.C., 111 F.Supp. 181, reversed, 1 Cir., 208 F.2d 763, certiorari denied 347 U.S. 944, 74 S.Ct. 639, 98 L.Ed. 1092, rehearing denied 348 U.S. 851, 75 S.Ct. 18, 99 L.Ed. 671. On April 19, 1954, Pierce sued International Telephone and Telegraph Company (hereinafter called I T & T) in the United States District Court for the District of New Jersey.

I T & T was not named as a party in any of the actions in this district. Its wholly owned subsidiary, Federal Telephone and Radio Corporation, was named as defendant and as manufacturer of the alleged infringing equipment in the American Communications case, but was not served here and declined to appear voluntarily. Defendant Mackay in this

**158**

action is a wholly owned subsidiary of American Cable & Radio Corporation, which in turn is largely, but not wholly, owned by I T & T.

Mackay, the defendant in this action, moved to intervene in the New Jersey action against I T & T. This application was denied, Pierce v. International Telephone and Telegraph Corporation, D.C., 147 F.Supp. 934, 943. At the same time the court dismissed the defense of laches raised by I T & T. In his opinion, dated January 9, 1957, Judge Hartshorne suggested that I T & T intervene in the action in this court. I T & T did not then act on this suggestion, and the New Jersey case was set for trial in the period beginning March 20, 1957. It was not until March 22, 1957, following renewal of Judge Hartshorne's suggestion at a pretrial conference on March 1, 1957, that the present motion was filed.

██ The basis for the proposed intervention is the existence of common questions of law and fact in both these cases, a claim which plaintiff does not concede. Intervention on this ground lies within the discretion of the court. Rule 24(b) F.R.Civ.P., 28 U.S.C.A. That rule requires that application for intervention must be timely. The present application, filed almost three years after the beginning of the action, is far from timely with respect to this action. It is also untimely with respect to the New Jersey action, coming three years after that action was commenced, when one of the issues raised there by I T & T has been decided and plaintiff is ready to go to trial on the remaining issues. Moreover, this is not a situation where the applicant if not allowed to intervene might be deprived of an opportunity to defend its rights since any defenses it has can be fully asserted in the New Jersey action. Cresta Blanca Wine Co., Inc. v. Eastern Wine Corporation, 2 Cir., 143 F.2d 1012.

Under the circumstances of the litigation involved, the motion to intervene is denied.