George Washington PIERCE, Plaintiff,

v.

ALLEN B. DU MONT LABORATORIES, Inc., Defendant.

Civ. A. No. 1624.

United States District Court
D. Delaware.
June 21, 1957.

See also 138 F.Supp. 959.

———◆———

Thomas Cooch (of Connolly, Cooch & Bove), Wilmington, Del., for Helen Russell Pierce, executrix of the last will and testament of George Washington Pierce, Deceased. David Rines and Robert H. Rines (of Rines and Rines), Boston, Mass., of counsel.

Richard F. Corroon (of Berl, Potter & Anderson) Wilmington, Del., for defendant. Floyd H. Crews and Donald J. Overocker (of Darby & Darby), New York City, of counsel.

LAYTON, District Judge.

Motion for substitution of party plaintiff.

Granted.

Plaintiff-inventor died August 25, 1956. On March 21, 1957, suggestion of death was made and pursuant to Rule 25(a) F.R.Civ.P., 28 U.S.C., plaintiff's widow-executrix moved that she be substituted as a party plaintiff. Defendant opposes the motion as to five of the six patents involved, upon the three following grounds: (1) The action is for a tort, (2) to recover a penalty, and (3) to recover for past infringement, all of which, it is argued, were extinguished by plaintiff's death. As to the sixth patent, it is admitted that the executrix is entitled to maintain a suit for injunctive relief and for damages caused by infringement during her ownership.

Defendant presses its opposition in the face of Armstrong v. Emerson Radio & Phonograph Corp, D.C.S.D.N.Y.1955, 132 F.Supp. 176, and Armstrong v. Allen B. Du Mont Laboratories, D.C.D.Del. 1955, 137 F.Supp. 659.[1] Not only is the Emerson case squarely opposed to defendant's contentions but the Du Mont case, which cites it with complete approval, is a precedent from this district. And, while not absolutely binding upon me as the law of the case, T. C. F. Film Corp. v. Gourley, 3 Cir., 240 F.2d 711, the soundest reasons of judicial comity dictate that neither case, particularly the Du Mont case, should be overruled by me here. Dow v. Carnegie-Illinois Steel Corp., D.C.W.D.Pa., 108 F.Supp. 88.

Defendant relies heavily on Van Choate v. General Electric Co., D.C. D.Mass.1917, 245 F. 120. This decision reaches a directly opposite result from the Emerson and Du Mont cases and for many years represented the sole authority on the questions here presented. Moreover, in 1922, it received powerful, if indirect, support from certain language of Chief Justice Taft in Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U.S. 24, 43 S.Ct. 254, 67 L. Ed. 516.

Nevertheless, in 1955, the Van Choate decision was impliedly overruled by Armstrong v. Sylvania, D.C.D.Mass.1955, Civ.No. 54–6–S, and, in addition to Armstrong v. Emerson and Armstrong v. Du Mont, elsewhere cited, a number of Courts have recently permitted substitution in cases similar to this. Pierce v. Int. Tel. & Tel. Corp., D.C.N.J.1956, 147 F.Supp. 934; Pierce v. American Communications Co., Inc., D.C.D.Mass. Unreported 1957, C.A. No. 51–526; Pierce v. Mackay Radio and Tel. Co., Inc., D.C. D.Mass. 1957, 154 F.Supp. 157; Pierce v. Aeronautical Communications Equip.,

---

1. Both cases are based upon the identical facts as the case at bar.

Inc., D.C.D.Fla. Unreported 1957, C.A. No. 5638M.

Though the Van Choate case, coupled with the incidental comments of the Supreme Court in the Crown Die and Tool Co. case, make a persuasive argument for a contrary result, I am not prepared to state categorically that the Emerson and Du Mont cases are wrongly decided. Indeed, the whole trend of modern authority is with them.

For the reasons stated, no detailed analysis of defendant's arguments need be made.

Motion granted.