475 F.2d 1236
 Fed. Sec. L. Rep. P 93,927
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
EVEREST MANAGEMENT CORPORATION et al., Defendants-Appellees,
Competitive Associates, Inc. and Competitive
Capital Corporation, Applicants for
Intervention-Appellants.
 No. 239, Docket 72-1782.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 18, 1972.
Decided Dec. 18, 1972.
 
 Meyer Eisenberg, Washington, D. C. (D. Barry Morris and Lawler, Sterling & Kent, Washington, D. C., on the brief), for applicants for intervention-appellants.
 Milton S. Gould, New York City, for defendants-appellees, Laventhol, Krekstein, Horwath & Horwath.
 Paul Gonson, Asst. Gen. Counsel, SEC, Washington D. C. (Walter P. North, Acting Gen. Counsel, David Ferber, Solicitor, and John M. Turner, Jr., Atty., SEC, Washington, D. C., on the brief), for plaintiff-appellee.
 Before MOORE, MULLIGAN and TIMBERS, Circuit Judges.
 TIMBERS, Circuit Judge:
 
 
 1
 This appeal presents the question whether victims of alleged securities fraud are entitled to intervene in an SEC enforcement action as of right under Fed.R.Civ.P. 24(a)(2) or, alternatively, whether the district court abused its discretion in denying permissive intervention under Fed.R.Civ.P. 24(b)(2). We hold that appellants were not entitled to intervene as of right and the district court did not abuse its discretion in denying permissive intervention. We affirm.[1]I.
 
 
 2
 On November 11, 1971, the SEC brought an action in the Southern District of New York to enjoin 44 defendants from violating, inter alia, the antifraud provisions of the Securities Act of 1933, the Securities Exchange Act of 1934, the Investment Advisers Act of 1940 and certain provisions of the Investment Company Act of 1940 designed to prevent self-dealing and gross abuse of trust. The complaint contained 45 counts which charged defendants with a broad scheme of stock manipulation, bribery, and fraud involving many investors.
 
 
 3
 On January 5, 1972, appellants-Competitive Associates, Inc., an open-end investment company, and Competitive Capital Corp., the investment adviser of Competitive Associates-filed a motion to intervene as plaintiffs in certain counts against certain defendants in order to assert claims for money damages. They sought to intervene in 3 of the 45 counts in order to assert claims against 7 of the 44 named defendants. The proposed intervenors' complaint sought money damages of $6,000,000 based on alleged violations of various antifraud provisions of the federal securities laws and based also on what the proposed intervenors' complaint described as "Breach of Fiduciary Obligations and Fraud."
 
 
 4
 After hearing oral argument on the motion to intervene on February 22, 1972, at which time the motion was opposed by counsel for the SEC and by counsel for various defendants, the district court, David N. Edelstein, Chief Judge, entered an order on March 22, 1972 denying the motion. We affirm.
 
 II.
 
 5
 Appellants' first contention on appeal is that they were entitled to intervene as of right pursuant to Rule 24(a)(2).[2]
 
 
 6
 This claim, although originally asserted in the district court, was withdrawn at the time of argument below and before the court decided the intervention motion. Under these circumstances, appellants are foreclosed from raising this claim on appeal. See United States v. Lipton, 467 F.2d 1161, 1168 (2 Cir. 1972); Winnick v. Manning, 460 F.2d 545, 550 (2 Cir. 1972); United States v. Deutsch, 451 F.2d 98, 117 (2 Cir. 1971), cert. denied, 404 U.S. 1019 (1972); United States v. L. N. White and Co., 359 F.2d 703, 710-11 (2 Cir. 1966).[3]
 
 
 7
 Aside from the lack of timeliness, there is no merit to the claim. Rule 24(a)(2) provides:
 
 
 8
 "Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
 
 
 9
 It is true that appellants have "an interest relating to [a] . . . transaction which is [a] subject of the action" and that their interest is not adequately represented by existing parties because only appellants claim damages. The remaining issue, therefore, is whether appellants are "so situated that the disposition of the action may as a practical matter impair or impede [their] ability to protect that interest." We hold they are not.
 
 
 10
 Appellants concede that they will not be precluded by res judicata or collateral estoppel from bringing their own action for money damages regardless of the disposition of the SEC action.[4] Appellants' essential argument is that if intervention is denied they will be required to bear the financial burden of duplicating the SEC's efforts; and, not having the SEC's investigative staff and resources available to them, they may be unable to develop as complete and reliable a record as they might if intervention were allowed. This is not the sort of adverse practical effect contemplated by Rule 24(a)(2). Whatever bearing such considerations might have upon the exercise of a district court's discretion on a motion for permissive intervention, we hold that such considerations do not require intervention as of right.
 
 III.
 
 11
 Appellants' second contention is that the district court abused its discretion in denying permissive intervention pursuant to Rule 24(b)(2) which provides in relevant part:
 
 
 12
 "Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."
 
 
 13
 Of the two factors to be considered in determining whether permissive intervention should be granted, there can be no doubt here that appellants' claims and the SEC's claims in the main action have a number of common questions of law and fact. The remaining issue, therefore, is "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." We hold that the district court did not abuse its discretion in concluding that it would.
 
 
 14
 There is some surface appeal to the claim that victims of securities fraud should be allowed to intervene in an SEC enforcement action based on the same fraud. As appellants here argue, they as intervenors would be able to take full advantage of the superior resources and investigative facilities of the SEC. They also might be spared much effort in presenting their case at trial. The federal courts consistently have favored vigorous enforcement of the securities laws through private actions. See J. I. Case Co. v. Borak, 377 U.S. 426, 432 (1964); Fischman v. Raytheon Mfg. Co., 188 F.2d 783, 786-87 (2 Cir. 1951); Speed v. Transamerica Corp., 235 F.2d 369, 373 (3 Cir. 1956). To allow private litigants to intervene in an SEC enforcement action might be said to conform to this policy.
 
 
 15
 Despite the surface gloss of this argument favoring intervention, we hold that the district court did not abuse its discretion in denying permissive intervention.
 
 
 16
 The SEC's workload, despite its limited budget and staff, would be substantially increased if such intervention were allowed. Additional issues would have to be tried in the main action. SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 185-94 (1963). For example, a private party seeking damages would have to prove scienter and causation, elements of proof not required in an SEC injunction action. Mutual Shares Corp. v. Genesco, Inc., 384 F.2d 540, 547 (2 Cir. 1967). Already complicated securities cases would become more confused and complex. The SEC can bring the large number of enforcement actions it does only because in all but a few cases consent decrees are entered. The intervention of a private plaintiff might tend to discourage or at least to complicate efforts to obtain a consent decree. We hold that the complicating effect of the additional issues and the additional parties outweighs any advantage of a single disposition of the common issues. See Lipsett v. United States, 359 F.2d 956, 959-60 (2 Cir. 1966).
 
 
 17
 Moreover, the importance to a private litigant of being permitted to intervene in an SEC action strikes us as exaggerated by appellants.[5] They claim that they would not have access to the SEC's extensive resources and information regarding this particular action if a consent decree were to be entered. As the SEC candidly informs us, however, the parties and the courts in private litigation often can obtain information from SEC investigations where such information can be given without prejudice to further enforcement proceedings or other law enforcement interests.[6] Furthermore, if a consent decree is not entered, the private litigant will have the benefit of the tactics and strategy of the SEC in the prosecution of the action.
 
 
 18
 Finally and of crucial importance here, Rule 24(b) necessarily vests broad discretion in the district court to determine the fairest and most efficient method of handling a case with multiple parties and claims. Whether, under unusual circumstances, it might be appropriate for a district court to allow a private party to intervene in an SEC enforcement action, suffice it to say that this is not such a case. The record in the instant case overwhelmingly supports the propriety of the district court's exercise of discretion in denying permissive intervention. We are fortified in our reluctance to reverse such a discretionary order by the reliable information that there is not a single reported case in which an appellate court has reversed solely because of an abuse of discretion in denying permissive intervention. 7A Wright and Miller, Federal Practice and Procedure Sec. 1923, at 631-32 (1972).
 
 
 19
 We hold that the district court did not abuse its discretion in denying permissive intervention.
 
 
 20
 Affirmed.
 
 
 
 [1]
 At the conclusion of the argument of this appeal on December 18, 1972, we affirmed from the bench in order to permit the SEC enforcement action in the district court to go forward without further delay. In view of the importance of the questions presented and the sparseness of authority regarding the issues involved, however, we believe that we should briefly state the reasons for our affirmance of the order of the district court. Hence this opinion
 
 
 [2]
 The traditional view was that an appellate court would reverse if a district court had erroneously denied intervention as of right; but that the order was not appealable, and the appeal should be dismissed, if the district court had properly denied intervention. Levin v. Ruby Trading Corp., 333 F.2d 592, 594 (2 Cir. 1964). This made appealability turn on the merits. The only consequence of such a restriction on appealability was that, on finding that the district court was correct, the appellate court would dismiss the appeal rather than affirm. We have held, however, that a district court's order denying intervention is final for purposes of appeal; and that it should be reviewed on the merits and affirmed if intervention was properly denied. Ionian Shipping Co. v. British Law Ins. Co., 426 F.2d 186, 188-89 (2 Cir. 1970). We follow that rule here
 
 
 [3]
 In view of our holding on the merits, we dismiss as moot the SEC's motion to strike that portion of appellants' brief dealing with intervention as of right and to dismiss that portion of the appeal dealing with permissive intervention
 
 
 [4]
 It has been held that stare decisis by itself, in a proper case, may supply the practical disadvantage that is required for intervention under Rule 24(a)(2). Nuesse v. Camp, 385 F.2d 694, 702 (D.C.Cir. 1967); Atlantis Development Corp. v. United States, 379 F.2d 818, 828-29 (5 Cir. 1967). This is not such a case. Among other reasons, the SEC is adequately representing the interests of appellants insofar as the stare decisis problem is concerned
 
 
 [5]
 Appellants rely heavily on the Fifth Circuit's holding in Rachal v. Hill, 435 F.2d 59 (5 Cir. 1970), cert. denied, 403 U.S. 904 (1971), that the determination of issues in an SEC injunction action would not have collateral estoppel effect in a subsequent private action brought against the same defendants and based on the same transaction. Appellants argue, accordingly, that, unless intervention in the present SEC action is permitted, a total relitigation of the issues would be required in a subsequent action
 Suffice it to say that in our view it is preferable to require private parties to commence their own actions than to have SEC actions bogged down through intervention.
 
 
 [6]
 But, lest we forget, see Appeal of the United States Securities and Exchange Commission, 226 F.2d 501 (6 Cir. 1955)