UNITED STATES of America et al., Plaintiffs,

v.

MASSACHUSETTS MARITIME ACADEMY et al., Defendants.

Civ. A. No. 76–1696–M.

United States District Court, D. Massachusetts.

February 9, 1977.

James N. Gabriel, U. S. Atty., Karin K. Zander, Asst. U. S. Atty., Boston, Mass., J. Stanley Pottinger, Asst. Atty. Gen., Leigh M. Manasevit, Atty. Civ. Rights Div., Dept. of Justice, Washington, D. C., Leonard F. Depaola, Gen. Counsel, Staff Atty., MCAD, Mark E. Schreiber, Staff Atty., MCAD, Boston, Mass., for plaintiffs.

Morris M. Goldings, and Kenneth F. Tatarian, Mahoney, Hawkes & Goldings, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

FRANK J. MURRAY, District Judge.

This case came on to be heard on the defendants' motion to dismiss the complaint in intervention of the Massachusetts Commission Against Discrimination (Commission). With no opposition filed against the Commission's motion to intervene pursuant to Federal Rule of Civil Procedure 24, the motion was allowed by the court on November 24, 1976. See Local Rule 12(a)(2), (d). At the hearing on the defendants' motion to dismiss and in the supporting and opposing papers, both parties alluded to the initial applicability of the provisions of Rule 24 to the motion to intervene in this case. After further consideration of the complaint, the memoranda of the parties and other supporting papers, the court is inclined to reconsider its previous order and, so doing, hereby vacates its order of November 24, 1976 as improvidently granted and denies the Commission's motion to intervene for the reasons set forth below.

Under Rule 24(a)(2), intervention must be permitted if (1) "the applicant claims an interest relating to the property or transaction which is the subject of the action"; (2) the applicant "is so situated that the disposition of the action may as a practical mat-

ter impair or impede his ability to protect that interest"; and (3) the applicant's interest is not adequately represented by existing parties.

The original complaint in this action, filed by Edward Levi, United States Attorney General, alleges that the defendants' admissions policy unlawfully discriminates on the basis of sex in violation of the equal protection clause of the Fourteenth Amendment. Jurisdiction is based on 28 U.S.C. § 1345 and § 407(a)–(b) of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 2000c–6(a)–(b).[1] The asserted "interest" of the Massachusetts Commission Against Discrimination is in effectively enforcing the laws of the Commonwealth of Massachusetts relating to sex discrimination in education, Mass.Gen.Laws ch. 151C, and not in enforcing the Constitution and parallel statutes of the federal government. The court is of the opinion that the Commission has not demonstrated the kind of direct, substantial interest in this litigation that Rule 24(a)(2) requires. *Brewer v. Republic Steel Corporation*, 513 F.2d 1222, 1223 (6th Cir. 1975); *Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971) ("significantly protectable interest").[2] In this regard, the court adopts the position of the Court of Appeals for the Sixth Circuit in *Brewer v. Republic Steel Corporation, supra.* In that case, a state civil rights commission sought to intervene in a private employment discrimination suit brought under the federal civil rights statutes. The state commission claimed an "interest" in intervening by virtue of its general responsibility for enforcing state laws as to employment discrimination and because a decision in the district court could

"impair its ability to enforce the Ohio laws against Republic Steel and the unions in a subsequent state court proceeding". *Brewer v. Republic Steel Corporation, supra* at 1223. The court maintained that:

> The Commission's duty—and its interest—lies in enforcing the Ohio civil rights statutes, not the parallel federal laws. The federal and state provisions relating to employment discrimination overlap in application. Nevertheless, they do provide separate and independent avenues of relief that were not designed to be pursued through a unitary enforcement procedure. *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47–49 [94 S.Ct. 1011, 39 L.Ed.2d 147] . . . (1974); *Cooper v. Philip Morris, Inc.*, 464 F.2d 9 (6th Cir. 1972). No doubt the Commission would find it convenient if the result reached in the federal suit were consistent with the Commission's assessment of the defendants' liability under the Ohio statutes. This is not, however, the type of interest contemplated by Rule 24(a).

Since the court concludes that the Commission has not satisfied the "interest" requirement of Rule 24(a)(2), it need not consider the other prerequisites to intervention as a matter of right. The court notes, however, that it would be difficult to find that the constitutional interests of the citizens of the Commonwealth in the area of educational discrimination are not adequately represented by the Department of Justice of the United States. *See United States v. Local 638, Enterprise Association, Etc.*, 347 F.Supp. 164 (S.D.N.Y.1972). *See also Stockton v. United States*, 493 F.2d 1021 (9th Cir. 1974) ("impair or impede his ability to protect that interest").

---

**1.** These federal statutes though incorporated into the complaint in intervention provide no jurisdictional basis for the Commission's action. 42 U.S.C. § 2000c–6(a)–(b) authorizes the Attorney General to sue in appropriate civil actions involving educational discrimination. 28 U.S.C. § 1345 vests jurisdiction in the district courts over actions brought by the United States where expressly authorized to sue.

**2.** The "interest" requirement of Fed.R.Civ.P. 24(a)(2) was described in *In re Penn Central*

*Commercial Paper Litigation*, 62 F.R.D. 341, 346 (S.D.N.Y.1974), aff'd sub nom. *Shulman v. Goldman, Sachs & Co.*, 515 F.2d 505 (2d Cir. 1975), as follows:

> [A]n interest, to satisfy the requirements of Rule 24(a)(2), must be significant, must be direct rather than contingent, and must be based on a right which belongs to the proposed intervenor rather than to an existing party to the suit.

■ The court is also not disposed to grant the Commission the right to intervene permissively under Rule 24(b)(2) which provides in relevant part that "anyone may be permitted to intervene in an action . . when an applicant's claim or defense and the main action have a question of law or fact in common". A motion under Rule 24(b) is addressed to the discretion of the court. *Brewer v. Republic Steel Corporation, supra* at 1225; *Securities and Exchange Commission v. Everest Management Corp.*, 475 F.2d 1236, 1240 (2d Cir. 1972); *Pierce v. Mackay Radio and Telegraph Company, Inc.*, 154 F.Supp. 157 (D.C.Mass. 1957). Moreover, under Rule 24(b)(2) the court "[i]n exercising its discretion . . shall consider whether the intervention will unduly delay or prejudice the rights of the original parties". In the instant case, the Commission's state cause of action obviously contains common questions of law or fact with the original federal action. However, the number and complexity of state court issues which would be brought into this case were intervention to be allowed and the unnecessary delay their resolution would cause the original controversy, persuade the court that permissive intervention would be improvident.

The court is cognizant that in any case allowing a party to intervene will to some degree add to the complexity of the litigation as a necessary concomitant to avoiding a multiplicity of actions. *See Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc.*, 51 F.Supp. 972 (D.C.Mass.1943). In this case, however, the state issues raised are numerous and significant—they include, *inter alia*, a question of state statutory construction going to the very heart of whether the Commission's complaint states a cause of action under the state law,[3] whether the Commission has standing under state law to bring this action, and whether its complaint is barred by the applicable state statute of limitations. The first of these questions would, in another case, at least raise the possibility of federal abstention, *cf. Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), which highlights the potentially complicating effect in the permissive intervention contest.

■ In reaching the conclusion it does, the court is influenced by the fact that an alternative and more appropriate forum exists for the protection of Commission's interests. Moreover, the court is not oblivious to the fact that the Commission has gathered a substantial amount of information about the Massachusetts Maritime Academy and that it has a general expertise in the area of educational discrimination. It is also aware that its decision may result in some duplication of litigation preparation and will create the potentiality of inconsistent state and federal decisions. Consequently, as a means of minimizing many of these problems, the court invites the Massachusetts Commission Against Discrimination to participate in this case as amicus curiae. *Brewer v. Republic Steel Corporation, supra* at 1225; *Crosby Steam Gage & Valve Co. v. Manning, Maxwell & Moore, Inc., supra.* Should the Commission believe it possesses evidence relevant to the claims made by the Attorney General, the court assumes that such evidence will be brought to his attention.

Accordingly, for the reasons stated, the court hereby vacates its Order of November 24, 1976 and denies the motion of the Massachusetts Commission Against Discrimination to intervene in these proceedings. In view of this order the court deems it unnecessary to consider further the motion to dismiss.

---

**3.** The substantial question exists as to whether or not the Massachusetts Maritime Academy is a "vocational training institution" within the meaning of Mass.Gen.Laws ch. 151C, § 2A. The Massachusetts General Laws with regard to sex discrimination differentiate between "vocational training institutions" which are prohibited from discriminating in admissions policy on the basis of sex and other educational institutions which are so prohibited only with regard to programs or courses of study leading to a degree beyond a bachelor's degree. *Compare* Mass.Gen.Laws ch. 151C, § 2A *with* Mass.Gen.Laws ch. 151C, § 2.